ERASTUS D. HUBBELL *vs.* SAMUEL DODGE.

In an action on a bond of cognisance, entered into at the time of suing out a writ of
*audita querela*, conditioned *for the redelivery of the execution debtor to the custody
of the officer, and the payment of all intervening damages, and, in default thereof,
the payment of the debt damages and costs*,—it was held that the recognisor, not
having fulfilled the conditions of his recognisance, was liable for the whole debt and
costs.

This was a *scire facias* brought on a recognisance entered into
by *Dodge,* the defendant, before one of the assistant judges of the
county court, conditioned for the prosecution of a writ of *audita
querela,* in favor of one Mark Dodge against the plaintiff, and for
the redelivery of the body of said Mark to the custody of the
jailer, (if the same should be awarded,) in whose custody he was
at the time of entering into the recognisance, and also for the
payment of intervening damages ; and in default thereof, the pay-
ment of the debt, damages and cost.

It appeared that Mark Dodge had been committed to jail by
virtue of an execution in favor of the plaintiff; that he after-
wards prayed out a writ of *audita querela* for the purpose of set-
ting aside the execution for certain causes therein mentioned ;
that on that occasion the defendant entered into the recognisance
in question ; and that thereupon the said Mark was discharged
from imprisonment.   The record of the case showed that he did
not prosecute his writ of *audita querela* to effect, that judgement
was rendered for the plaintiff to recover of said Mark $3,80 dam-
ages, and $34,41 cost, and that the court awarded the redelivery
of the body of said Mark to the custody of the jailer who had had
him in keeping.   The intervening damages and cost had not been
paid, nor had the defendant redelivered the *said Mark* to the
jailer.   The only question for the consideration of the court was
the measure of damages.

It was contended, on the part of the Plaintiff, that the only
measure of damages was the amount of the execution on which
the said Mark was committed, the officer's fees thereon, the interest
on the same, the amount of intervening damages, and cost in the
*audita querela* ; for that by virtue of the writ of *audita querela* the
body of the said Mark was liberated, and it was not in the power
of the plaintiff in any way, or by any process of law, to retake the
body or property of the said Mark, or in any way to enforce the
collection of the Execution on which he was committed ; that he
could not take out an alias execution, or sue out a *scire facias* to
revive said judgement ; but that, on the other hand, it was perfect-
ly in the power of the defendant, if he wished to avoid the payment

FRANKLIN,
January,
1832.

Hubbell
*vs.*
Dodge.

of the execution on which the said Mark was committed, to have taken a copy of the record of the judgement, rendered by the Supreme Court in the *audita querela*, awarding the redelivery of the body of the said Mark, and have committed him to the keeper of the jail; and this would have exonerated him from that condition in his recognizance; that if the plaintiff would have a remedy predicated upon that judgement, it would be wholly unreasonable that he should be put to the expense, either of prosecuting a *scire facias* to revive the judgement, or of recommitting the said Dodge: it was enough for him that he had once committed him on a legal execution.

HUTCHINSON, C. J., *pronounced the opinion of the court.*— Judgement having been rendered for the plaintiff to recover the penalty of the bond sued, in fixing upon the sum due in equity, there is no dispute about the plaintiff's being allowed the intervening damages for interest, and his cost : but, as the body of the original debtor was not returned to the keeper of the prison, whence he was liberated by the *audita querela*, the plaintiff claims the whole debt. This is opposed by the defendant ; not by any proof that the original defendant was redelivered according to the condition of the bond in question, but, because the plaintiff has not shown, that he prayed out an alias execution and delivered it to the keeper of the prison, for him to commit anew : and this is compared to a bond for the redelivery of chattels that had been taken from the officer, who held the same in execution. We think the case does not compare at all. In such case, the original execution was not satisfied, and an alias might issue. But, when the debtor is in prison on the execution, that is a satisfaction of the execution, appearing on the same ; so that an alias cannot issue without a *scire facias*, setting forth an escape, or some cause, why it should not be considered satisfied, that an alias may be obtained. But our statute regulation of *audita querela*, when so issued as to operate as a *supercedeas*, takes the body of the debtor from the prison, and provides security for his return, if his writ fail, by such a bond as the one now in suit. If the prisoner returns into custody, there need be no alias execution ; he submits to his original imprisonment : and the original execution, and the order of court for his return to prison, form a sufficient authority for the jailor to hold him till the debt is paid. And it is incumbent on the debtor and his sureties to see to it, that the debtor go to the jailor, with a copy of this order, and deliver that and his body to the

8

FRANKLIN,
*January*,
1832.

Hubbell
*vs.*
Dodge.

custody of the jailor. Till that is done, the bond is in full force, as a security for the whole debt. This well compares with the case of a person in prison, brought up by *habeas corpus*, and remanded by order of court. He is then in on the same process as before. In this case, the plaintiff must recover his whole debt, if it do not exceed the penalty of the bond, together with his costs.

*Hunt & Beardsley*, for plaintiff.
*Read & Turner*, for defendant.