## JONATHAN D. ROBERTS v. JOEL WARNER.

In an action of *scire facias* upon a recognizance for a review the plaintiff can recover, as damages, whatever he has lost by the delay occasioned by the review, together with additional cost but when there has been no loss of *principal*, there can be no recovery of *interest.*]

Therefore where the debtors, at the time of the rendition of the judgment, from which the review was taken, were totally insolvent, and so continued until the time final judgment was rendered, it was held that interest could not be recovered, as " intervening damages," on *scire facias* against the recognizor for the review.

SCIRE FACIAS upon a recognizance entered into by the defend-ant upon the review of a cause in favor of the present plaintiff against Stephen Cummings and Edward Manning. Trial by the court.

On trial it appeared, that, at the time the plaintiff recovered the judgment, from which the review was taken, the said Cummings and Manning were entirely destitute of property, and have ever since so remained.

The plaintiff claimed that he was entitled to recover, in this action, the additional cost accruing in the original action after the review, and also the interest upon the debt sued for in that action, which accrued from the time the review was entered to the time when final judgment was rendered. But the court rendered judgment for the plaintiff for the additional cost only, and interest thereon, and the cost of this suit; to which the plaintiff excepted.

*C. French* for plaintiff.

The plaintiff insists that he is entitled to interest upon the original debt, from the time of the review to the time final judgment was rendered, as a matter of course, by virtue of the term " intervening damages." The provision of the statute, [Rev. St. p. 160, § 10] is, that the condition of a recognizance for a review shall be to " prosecute the review to effect, and answer and pay all intervening damages occasioned to the adverse party by delay, with additional costs in case judgment be affirmed." " Intervening damages, *ex vi*

Roberts *v.* Warner.

*termini,* import such as accrue between the appeal, or review, and final judgment." *Way* v. *Swift,* 12 Vt. 390.

By our practice, if a writ of error does not prevail, or if it be brought for delay merely, our courts add to the first judgment interest at twelve *per cent.,* and double costs. Can there be a doubt but that the interest, in such case, constitutes an item of intervening damages, which, by the spirit and terms of the statute, are to be recovered of the bail ? Upon the same principle, I insist, interest on a judgment, pending the review, forms an item of intervening damages, with which the bail must be charged.

When a recognizance by bail is sued, interest is recoverable from the time the bail are fixed. *Child* v. *Murray,* Coleman's Cas. 59. *Brace* v. *Squire,* 2 D. Ch. 49. 4 Mass. 103. 6 Mass. 335.

*S. Fullam* for defendant.

If the plaintiff's judgment was as valuable, when finally rendered, as when the review was entered, no damages were occasioned by the delay ; and if he could not have collected the principal, there is no reason why he should collect the interest of the surety.

The opinion of the court was delivered by

HEBARD, J. The judgment, from which the cause was reviewed, was affirmed, and the question is, what damage was occasioned to the plaintiff by the delay. The defendants in the original suit were entirely destitute of property at the time of the review, and have so continued. Of course no part of the debt was lost, nor has any damage in that respect been occasioned by the review.

The plaintiff claims interest on the debt from the time of the review. That is no damage that has been occasioned by the delay. The interest is the same that it would have been without the review. The interest that accrued upon the debt, between the time of the review and the final judgment, has of course been added to the amount for which the final judgment was rendered. It is as well, in that respect, for the plaintiff, as it would have been without the review.

If, at the time of the review, the defendants had been possessed of attachable property, which disappeared before the plaintiff was

enabled to get his execution, the plaintiff in that case would have sustained intervening damage, which was caused by the delay.   But as this fact is negatived, the plaintiff has sustained no damage, except for the additional cost ;—and judgment having been rendered for that amount, we find no error in the judgment of the court below.

Judgment affirmed.