CALVIN PERRY, NORMAN L. WHITTEMORE AND THOMAS MOTT *v.* OLIVE WARD.

When an execution is superseded, on *audita querela*, by a judge of the county court, the *supersedeas*, without some order professing to dissolve it, continues in force, though the suit should be removed to the supreme court and be pending there upon exceptions.

But where it appeared, that the execution, upon which a *supersedeas* was designed to operate, had been levied upon the property of the complainants in the *audita querela*, and the recognizance, taken by the judge who granted the *supersedeas*, contained a condition for the return of the property, if awarded, and for the payment of intervening damages, but did not contain a condition, in default thereof, for the payment of the debt, damages and costs, it was held, that this omission rendered the *supersedeas* inoperative, and that the execution creditor might disregard it and take another execution upon the original judgment.

Where the county court adjudged that a writ of *audita querela* was brought for delay merely, and awarded to the defendant double costs and twelve *per cent.* interest, under the statute, and this judgment was affirmed in the supreme court, upon exceptions, and thereupon the complainants paid the double costs and twelve *per cent.* interest, the court inclined to the opinion, that this was not a penalty merely, but that the complainants were entitled to claim a deduction of interest upon the original debt during the period for which twelve *per cent.* interest was awarded against them,—but left the point undecided.*

*See *Perry et al.* v. *Ward,* 18 Vt. 120.

But it was held, that there was no irregularity in taking an execution upon the original judgment for its full amount, without regard to such payment, since such payment did not appear upon the records of the county court, where the original judgment was rendered.

There would seem to be no doubt, that a tender of the amount due upon an execution, and a refusal to receive it, may entitle the execution debtor to relief by *audita querela;* but such a tender cannot avail the debtor for this purpose, unless it is kept good and the money is brought into court;—and the fact that the money is so brought into court must appear affirmatively by the declaration in the *audita querela,* or it will be open to demurrer.

Audita Querela. The complainants alleged, that on the sixth day of December, 1842, the defendant obtained from the clerk of Chittenden county court an execution against them for $904,98 damages, $22,38 costs, and $0,25 for execution, upon a judgment previously rendered by that court in her favor, and caused the property of the complainants to be seized thereon; that the complainants, believing the execution issued irregularly, prayed out a writ of *audita querela* on the 30th day of January, 1843, on which a *supersedeas* of the execution was allowed by Judge Van Sicklin, of Chittenden county court, on proper security being given by way of recognizance; that at the May Term, 1844, of Chittenden county court, that court rendered judgment for the defendant in the *audita querela,* with twelve *per cent.* interest upon the original judgment and double costs; that the complainants excepted to this decision, and the exceptions were allowed, and the case was entered in the supreme court, at their January Term, 1845, and was then continued to the January Term, 1846; that on the 29th day of January, 1845, and while the *audita querela* was still pending in the supreme court, the defendant took out an *alias* execution upon the original judgment, and delivered the same to the sheriff of Franklin county to levy and collect of the plaintiffs; that thereupon, on the 10th day of February, 1845, the complainants prayed out a second writ of *audita querela,* which was duly allowed and signed by Judge Allen, of Chittenden county court; that the facts stated in the complaint were duly sworn to and a recognizance entered into for costs of prosecution, and a recognizance also entered into "in the sum of fifteen 'hundred dollars, for the re-delivery of the property and estate to the 'custody of the said sheriff, who then had the same in possession

' upon said last mentioned execution, if the same should be awarded, ' and for the payment of all intervening damages and costs;" and that thereupon a *supersedeas* of the *alias* execution was allowed by Judge Allen; that at the September Term, 1845, of the county court, judgment was rendered in favor of the complainants upon the second *audita querela,* and the defendant excepted, and the case was entered in the supreme court, January Term, 1846, and was continued to the December Adjourned Term, 1846; that the *supersedeas* granted upon this second writ had been in no way vacated, but still remained in full force to await the termination of the suit; that at the January Term, 1846, of the supreme court the judgment of the county court in favor of the defendant upon the first writ of *audita querela* was affirmed, with the twelve *per cent.* interest and double costs; that on the 11th day of February, 1846, and before any execution issued for the said interest and costs, the complainants paid the same to the defendant in full; but that the defendant, on the same 11th day of February, 1846, procured from the clerk of Chittenden county court a *pluries* execution upon the original judgment, dated January 12, 1846, for the sums of damages and cost recovered in that judgment, and for $0,75 for three writs of execution, and without any indorsement whatever upon it of the payment of interest made by the complainants as above mentioned; that this execution was delivered to the sheriff of Franklin county, and was now in his hands to levy and collect; that on the 16th day of February, 1846, the complainants paid to the sheriff his fees upon this last mentioned execution; and that on the 23d day of February, 1846, they tendered to the defendant $934,36, being the amount of the original judgment, with interest from the time to which twelve *per cent.* interest had been paid, as above mentioned. Upon this complaint a *supersedeas* of the *pluries* execution was allowed by Judge Tower, of Chittenden county court. To this complaint the defendant demurred.

The county court, September Term, 1846,—BENNETT, J., presiding,—adjudged the complaint sufficient. Exceptions by defendant.

*O. Stevens,* for defendant, insisted, that, as it is not shown by the complaint, that the county court, in allowing exceptions to their

judgment upon the first *audita querela,* May **T.** 1844, ordered execution to be stayed, the execution complained of might properly issue upon the original judgment; that after the decision of the supreme court, January Term, 1846, that the first *audita querela* was brought for delay merely, the defendant was entitled to an execution upon her original judgment; and that the tender, alleged to have been made, was insufficient in amount, and should have been made to the officer holding the execution.

*D. A. Smalley* and *E. J. Phelps,* for complainants, insisted, that the *pluries* execution could not legally issue, while the *alias* execution remained superseded; and that the twelve *per cent.* interest, given by statute, is meant to be inclusive of the legal interest at six *per cent.* and hence the defendant had no right, after having received the twelve *per cent.* interest, to collect also interest at six *per cent.* upon the original judgment during the entire time covered by the order in relation to the twelve *per cent.*

The opinion of the court was delivered by

Royce, Ch. J. The *supersedeas,* granted upon the allowance of the previous writ of *audita querela,* by Judge Allen of the county court, was ordered to have effect until the determination of that suit. And, without deciding how far such a *supersedeas* is subject to the control of the court in which the *audita querela* is pending, we think, that, without some order professing to dissolve it, it continues in force, though the suit should be removed into this court upon exceptions, and during its pendency here.

But we must understand, from the declaration in this case, that the execution, upon which that *supersedeas* was designed to operate, had been levied upon the property of the complainants. That fact expressly appears in the recognizance then taken by the judge, as set forth in the declaration. And in order that an *audita querela* may operate as a *supersedeas* in such a case, the statute requires, that security be taken to the judgment creditor by way of recognizance, not only for the return of the property, if awarded, and the payment of intervening damages, but also, in default thereof, for the payment of the debt, damages and costs. Where the value of the property taken in execution is far below the amount of the creditor's

judgment, this closing provision in the recognizance may seem to be a stringent and severe requirement upon the complainant. But in all cases a seasonable restoration of the property will satisfy the recognizance, except as to the intervening damages; and these must be paid, when duly ascertained. And that, on default of compliance with this alternative, the remaining clause creates a direct obligation to pay the whole debt appears as well by the terms in which it is expressed, as by the analogous, or rather parallel, case of *Hubbell* v. *Dodge*, 4 Vt. 56. It was there decided, that a failure to return the body into custody subjected the bail for the whole debt. Hence this part of the security must often be of great importance to the creditor. And here the declaration shows that it was omitted in the recognizance taken on the occasion above referred to.

The question, then, arises, whether this defect was merely cause for abating the process, or whether it rendered the *supersedeas* void; so that the creditor might lawfully take out another execution upon her judgment against the complainants. The statute is silent as to the consequence to follow from such an omission. But since the authority to issue the writ of *audita querela* is derived from special statutory provision, and the security therein prescribed is not only required in express and positive terms, but is also essential, to prevent the process from frequently working manifest injustice, we think the requirement should be treated as a limitation upon the power of the judge in granting a *supersedeas*. Inasmuch, then, as a legal recognizance was not taken upon the allowance of the former writ, it follows, that this defendant had a right to disregard the *supersedeas* then granted, and take another execution on her judgment. This conclusion would seem to be well sustained by the first ground of decision in *Aiken* v. *Richardson*, 15 Vt. 500, and the authorities there cited.

It is next insisted, that the execution now complained of issued irregularly; it being for the whole amount of the judgment, and without restriction of the right to collect interest upon it, as given by the statute, when the interest for a considerable portion of the time had in fact been collected, under the judgment upon a former writ of *audita querela*. But as this did not appear upon the record of the county court connected with the original judgment, there was no irregularity. It was not as if that record showed a part collect-

ed, paid, or remitted. And although we incline to the opinion, that the complainants were entitled to claim a deduction of interest, during the period for which they were adjudged upon the *audita querela* to pay twelve *per cent.* interest, yet, as we consider the declaration insufficient on other grounds, there is no necessity for deciding upon this point.

The remaining ground alleged for relief is a tender of the sum due the defendant upon her execution. There would seem to be no doubt, that a tender may entitle the judgment debtor to this mode of relief; and, for the reason just suggested, we make no question as to the sufficiency of this tender in amount. But we think, that such a tender cannot avail the debtor, for the purpose of sustaining an *audita querela,* unless it is kept good and the money brought into court. A different rule would be in conflict with the established law of cash tenders, when made upon a debt. The execution was but the final process in a direct prosecution for the debt. And as a constant readiness to pay must have followed the tender, if made before the prosecution was commenced, or at any previous stage of it, such a readiness was no less essential, when the tender was made in satisfaction of the execution. This readiness should appear affirmatively by the declaration, and cannot be intended. Here nothing is alleged, but the bare fact of tender. Consequently, upon none of the grounds set forth by the complainants, is their declaration sustained.

Judgment of the county court reversed, and judgment that the declaration is insufficient. The defendant electing to take a judgment for only nominal damages, the case was ended in this court.