LEONARD SARGEANT AND WARREN B. SARGEANT, EXECUTORS OF JOHN SARGEANT, *v.* ROYAL SARGEANT AND JOHN BELDING.

An appellant from a decree of the probate court, approving a will, who executes, a bond, under the statute, conditioned that he will prosecute his appeal to effect, or pay all intervening damages and costs occasioned by the appeal, is not liable, in case the decree is affirmed, to pay the extra expenses of the executors in prosecuting the suit subsequent to the appeal, beyond the amount of the taxable costs.

But where the appeal from the decree allowing the will was taken subsequent to the issuing of letters testamentary to the executors, the appeal determined, at once, the power of the executors to act as such in the settlement of the estate during its pendency, and rendered necessary the appointment of a special administrator; and, in case the decree appealed from is finally affirmed, the extra expenses of the special administration, beyond the amount of expenses which would have been necessary, if the estate had been settled by the executors, without the intervention of the appeal, constitute intervening damages, for which the appellant is liable upon his bond given for the appeal.

DEBT upon a bond, executed by the defendants upon the granting to the defendant Royal Sargeant, as heir of John Sargeant, an appeal from the decree of the probate court approving and allowing an instrument offered as the last will and testament of the said John Sargeant. The condition of the bond was, that the appellant should
38

prosecute his appeal to effect, or pay all intervening damages and costs occasioned by the appeal; and the plaintiffs alleged, that the decree of the probate court was affirmed; and that they had incurrred in consequence of the appeal, a large amount of costs, and had also incurred expenses to a large amount, which were not taxable costs; and that, in consequence of the appeal, it had become necessary to have a special administrator appointed upon the estate, and the expenses of such special administration had increased, to a large amount, the expenses of settling the estate. The defendant pleaded payment of the costs, and also several pleas in bar as to the intervening damages.

The action was referred, under a rule from the county court; and the referees reported, that the will of John Sargeant was approved by the probate court November 24, 1843, and at the same date letters testamentary were issued to the plaintiffs, as executors; that an appeal from the decree allowing the will was taken December 4, 1843, on which occasion the bond declared upon was executed; that on the 20th of December, 1843, without any order revoking the grant of letters testamentary to the plaintiffs, other than the appeal, special administration, upon suggestion of the plaintiffs, was granted to the plaintiffs, by the probate court; and that the expenses of the special administration beyond what would have been incurred by a settlement of the estate under the letters testamentary, amounted to $19,92;—and this sum the referees allowed to the plaintiffs. The referees also reported, that the executors, in consequence of the appeal, expended $73,80, beyond the amount of the taxable costs, in prosecuting the suit; and this sum the referees disallowed,—but submitted the question to the court.

The county court, June Term, 1847,—HALL, J., presiding,— rendered judgment for the plaintiffs, upon the report, to recover both these sums,—amounting to $93,72. Exceptions by defendants.

*D. Roberts, Jr.*, for defendants.

1. The grant of special administration was unauthorized by law. The statute,—Rev. St. c. 47, § 5,—provides for the appointment of special administrators in those cases, only, where "there shall be a delay in granting letters testamentary" &c. Here was no such delay; the letters had issued, and the executors had acted under their

appointment several days, before the appeal was taken. The grant of special administration was also unnecessary ;—the executors might have performed all the duties of special administrators. The appeal did not operate, *per se*, as a revocation of the letters testimentary. In England, an executor is said to derive his authority exclusively from the will. The probate is merely a certificate, under the seal of the ordinary, (a copy of the will accompanying it,) that the will has been duly proved; which probate is only the evidence, not the foundation, of the executor's title. Hence he gives no bond; and he may perform almost every act, incident to the office, before probate as well as after. 2 Steph. N. P. 182. With us he is required to give bonds, before he shall enter upon the execution of his trust. Rev. St. c. 46, § 2. But, having given bonds, and letters testamentary having issued, though an appeal from the probate of the will be afterwards taken, how is it, that he does not retain all the powers of an executor in England, before probate? If, then, the grant of special administration was unauthorized and unnecessary, the expense attending it was needless, and was no part of the damages properly occasioned by the appeal.

2. The claim to recover the expenses of the plaintiffs, upon the appeal, beyond the taxable costs, is a novelty. The recognizance, taken on sueing out a writ of summons, or attachment, is, "that the plaintiff shall prosecute his writ to effect and shall answer all *damages*." Rev. St. c. 28, § 5. This language comes from the ancient statutes. *Damages* here means costs, and only costs, by ancient and universal interpretation. *Houghton* v. *Slack*, 10 Vt. 520. *Peasley* v. *Buckminster*, 1 Tyl. 264. The condition of the bond given on entering an appeal from an allowance, or disallowance, by commissioners is the same as the present. Rev. St. c. 49, § 38. But it has never been supposed, that the claimant subjected himself to a penalty of this nature, or that, if the executor appeal, and fail, that the estate must pay the extra expenses of the claimant, in prosecuting his claim.

*Sargeant & Fowler* for plaintiffs.

1. The costs and expenses of the special administration were clearly occasioned by the appeal. The appeal necessarily vacated, or suspended, the power of the executors; they had no power, ex-

Sargeant et al., Ex'rs, *v.* Sargeant et al.

cept by virtue of the will.  11 Vin. 64.  2 Steph. N. P. 1830.  The appointment of special administrators was a duty, which the probate court could neither omit, nor delay, and which neither the executors, nor legatees, could prevent, if so disposed.  Rev. St. 264, § 5.

2. The estate was equally damnified by the extra expense of sustaining the will; the appeal was the occasion of that amount being taken from the legatees.

The opinion of the court was delivered by

KELLOGG, J.  This was a suit upon a bond, executed by the defendants upon the taking of an appeal from the decree of the probate court approving the will of the late John Sargeant.  The case was referred to referees, who submitted their report; and the county court having rendered judgment on the report in favor of the plaintiffs, the defendants excepted, and the case is brought to this court for revision.  It is now insisted by the defendants, that the court below erred in allowing the plaintiffs the sum of $73,80, for extra costs by them expended, beyond the taxable costs, in defending against the appeal taken by the defendants,—and in allowing the farther sum of $19,92, for extra expense incurred by the plaintiffs, by reason of the appeal, in the taking a special administration upon the estate.

To determine whether the defendants are responsible for either or both the above mentioned sums, it becomes necessary to ascertain what liabilities they assumed, by executing the bond for the appeal.  The condition of the bond is in conformity with the requirements of the statute, which is, that the appellant " should prosecute his appeal to effect, and pay all intervening damages and costs occasioned by the appeal."  The appellant having failed in the county court to make good his appeal, and the will being there approved, and the plaintiffs having incurred the costs and expenses in the manner above stated, the question arises, are the defendants, upon their bond, responsible for those expenditures?

1. As to the expenditure incurred in proving the will in the appellate court, over and above the taxable costs in that court;—It is quite clear, we think, that these costs cannot be regarded as *intervening damages*, within the meaning of the statute, and that, consequently, if the defendants are liable to them, it must be upon that clause in the condition of the bond, which subjects them to the pay-

Sargeant et al., Ex'rs, *v.* Sargeant et al.

ment of costs occasioned by the appeal. This clause, we think, only subjects them to the payment of such costs, as accrued in that suit; and this, we suppose, would be conceded by the plaintiffs; but they insist, that inasmuch as the *extra costs* were actually incurred in the prosecution of the appeal, they are covered by the bond. This proposition is untenable. The defendants, by their undertaking to pay the costs, became liable to pay the *legal taxable costs* in that suit. Such has always been held to be the liability of bail for a review, and for appeals from the judgments of justices of the peace; and we are not aware, that it was ever claimed, that they were chargeable with *extra costs* in the farther prosecution of the suits. Nor do we see any reason, why the defendants in the present case should, in this respect, be held to any greater or different liability, than bail for a review. There is nothing in the law, defining the liability of bail for an appeal from a decree of the probate court, to warrant a different conclusion. In the case of appeals from the decisions of commissioners of claims upon the estates of deceased persons, the appellant is required by law to file a bond similar to the present; and yet, we believe, the case has never occurred, in which the appellant, upon his failing to establish his claim in the appellate court, has been charged with the extra costs of the appellee. We are therefore of opinion, that the sum of $73,80, for extra costs in the prosecution of the appeal, was improperly allowed by the county court.

2. As to the sum of $19,92,—being the expense incurred in and about the special administration;—This sum, it is insisted, ought not to be allowed, for the alleged reason, that the administration was *unauthorized by law*, and that the same was entirely *unnecessary*. This position cannot be sustained. The appeal vacated the probate of the will, and during the pendency of the appeal, the will gave no authority to the executors, as such, to exercise any control over the property and estate of the testator. Their powers were thereby suspended. It therefore became necessary, and was the duty of the probate court, to appoint an administrator *pendente lite*, to take charge of the estate. Upon the probate of the will in the appellate court, the executors were restored to their former authority, and the authority of the special administrator ceased. This expenditure being, then, occasioned by the appeal, the question arises, are the

---

defendants liable for it upon their bond? If liable, it must be upon the ground that it comes within the description of *intervening damages.* For we have seen, that under the term costs can only be included *legal taxable costs,* which accrued in the prosecution of the appeal. If, then, the terms intervening damages do not apply to a case like the expenditure now under consideration, to what do they apply? for they must be supposed to have some application, or they would not have been inserted in the statute.

The term *intervening damages,* we think, must apply to some expenditure in and about the management of the estate, or some detriment to the same, occasioned by the appeal. The cost of the special administration was occasioned by the appeal, and was necessary to the due and proper care and management of the estate; and while we have some doubt and difficulty in extending the liability of the defendants to this item of expenditure, yet, upon .the whole, we are inclined to believe, that the same was properly allowed.

The result is, that the judgment of the county court must be reversed, and judgment entered for the plaintiffs for the sum of $19,92.