## STATE TREASURER *v.* POMEROY WELLS.

### *Recognizance. Supersedeas.*

A recognizance for the payment of intervening damages is a guaranty of the continuance of the same means for satisfying the claim of the recognizee, and not a direct and unconditional undertaking for its payment.

A writ of *audita querela*, with the requisite certificate of the judge signing it, that it ought to operate as a *supersedeas* will not so operate if in the recognizance taken by said judge an important and material condition required by the statute be omitted.

No recovery can be had upon a recognizance taken in a suit or proceeding, of the subject matter of which, the court to which it is returnable, has no jurisdiction.

DEBT ON A RECOGNIZANCE. The declaration set forth the granting of a tax by the legislature, the issuing of a warrant, for the collection of a portion thereof, to the constable of Poultney, his delinquency, the issue and return unsatisfied of an extent against him, and the issuing thereupon of an extent against the inhabitants of Poultney, the receipt of said extent by the sheriff of Rutland county and a levy of it upon personal property, the advertisement of said property for sale, the praying out, by the town of Poultney, of a writ of *audita querela* signed by a judge of the county court, and the certifying by said judge that from a consideration of the facts therein set forth the said writ ought to operate as a *supersedeas* from proceeding with said extent; and that at the time of the issuing of said writ, the defendant personally appeared before said judge and acknowledged himself recognized to the plaintiff in the sum of one thousand dollars " for the payment of all intervening damages and " costs if said town of Poultney should fail to prosecute said writ to effect;" that thereupon all proceedings under said extent were stayed, the property levied upon discharged, and the lien upon the same lost; that said writ was duly entered in court, and such proceedings had thereupon that it was dismissed and a recovery had by the defendant therein for his costs; "that by means of said writ of " *audita querela* and the stay of execution under the same, the " plaintiff has lost his lien upon all the personal property levied " upon by virtue of said extent, which said property, the plaintiff " avers, was of the value of two thousand dollars and sufficient to sat- " isfy the same with all legal charges thereon ; and the plaintiff has " been compelled to pay officers fees on said extent, to the amount " of eighteen dollars and thirteen cents, together with divers bills " of cost in defending said suit," and that said judgment for costs had never been paid or satisfied, &c. To this declaration the defendant demurred.

The county court, March Term, 1854,— PIERPOINT, J., presiding,—adjudged the declaration insufficient; to which the plaintiff excepted.

*M. G. Everts,* for the plaintiff.

*J. B. Beaman* and *E. Edgerton,* for the defendant.

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise upon a general demurrer to the declaration. The action is debt on a recognizance taken on the allowance of the writ of *audita querela.* The Comp. Stat. 292, § 7, provides that the judge, allowing a writ of *audita querela,* shall take sufficient security by way of recognizance *for the redelivery of the body or estate to the custody of the officer,* if the same shall be awarded, and *for the payment of all intervening damages,* and in default thereof, *the payment of the debt and costs.* If neither the body or estate is taken, the recognizance should be conditioned for the *payment of intervening damages and costs,* if the complainant fails to prosecute his writ to effect.

It is averred in the declaration, that on the 23d of October, 1851, an extent was issued by the treasurer of this state, directed to the sheriff of Rutland county requiring him to levy and collect of the town of Poultney, the sum of $962.48; that on the 11th of November, 1851, the extent was levied on personal property and the same was advertised for sale; that the town of Poultney prayed out their writ of *audita querela,* and that the judge granting it, certified that it ought to operate as a *supersedeas* to restrain all further proceedings with the extent. Upon these facts which are admitted by the demurrer, the recognizance should have been taken for the redelivery of the property or estate to the custody of the officer if awarded, and for the payment of all intervening, damages &c., whereas, the recognizance was *for the payment of all intervening damages and costs, if the town of Poultney should fail to prosecute this writ to effect.* The recognizance which was taken, is proper only in cases, where no levy has been made on the body or estate of the debtor. The defect consists in the omission of those conditions, which are required when the body or estate is levied upon.

It is insisted that, on this recognizance, the plaintiff is entitled to recover the amount due on that extent as intervening damages, and also the costs allowed on the writ of *audita querela,* which the

town of Poultney failed to prosecute to effect. In relation to the amount due on the extent, we think no recovery can be had, for two reasons. In the first place, if the allowance of the *audita querela*, and the certificate of the judge operated as a *supersedeas*, and if the lien on the property upon which the extent was levied has been lost thereby, it is not intervening damages, within the meaning of the act. That condition has reference to the ability or solvency of the party; it stands as a security that the party shall remain as solvent as he was at the time the writ was granted, and the *supersedeas* allowed. *Roberts* v. *Warner*, 17 Vt. 46. *Green* v. *Shurtliff*, 19 Vt. 592. That condition was never intended to impose an obligation to redeliver the property levied upon, or pay the debt and costs. For that reason, when security is sought for these matters, specific conditions for that purpose are required by statute to be inserted in the recognizance. That would not have been required, if it had been intended that the debt should be recovered, as intervening damages, when there had been no change in the circumstances of the party. In the second place, the amount due on that extent should not have been recovered in this action on that recognizance, as the extent was not superseded by the allowance of the writ of *audita querela*, or the certificate of the judge. That is the legal consequence of that omission or defect in this recognizance. The sheriff was not prevented by it, from proceeding with that extent, and selling the property levied upon, for its satisfaction. It was so held in the case of *Perry et al.* v. *Ward*, 20 Vt. 92. In that case, a recognizance was taken on allowing a writ of *audita querela*, in which there was an omission to insert the condition, "*in default thereof to pay the debt, damages and costs,*" The same omission exists in this case, as well as of other conditions equally important. CH. J. ROYCE observed in that case, "that since the authority to issue the writ of *audita que-* "*rela* is derived from special statutory provisions, and the security "prescribed is required in express and positive terms, the require- "ment should be treated *as a limitation of the power of the judge* "in granting a *supersedeas.*" As the sale of the property on that extent, therefore, was not superseded, no damages have resulted from the allowance of the writ, or the certificate of the judge. If a lien upon the property had been obtained by the levy of the extent

that lien has not been interfered with by the allowance of that writ; nor was the complainant bound to pay the costs on the extent. The sheriff was as much under obligations to collect his fees on the extent from the property levied upon, as for the payment of the principal sum.

We think also that no recovery can be had for the costs arising from the failure to prosecute the writ of *audita querela* to effect. If that process had been defeated for any matter merely erroneous or for any cause short of an entire want of jurisdiction of the suit or its subject matter, possibly the costs could be recovered on this recognizance, *Stedman* v. *Ingraham*, 22 Vt. 346. But it is a common principle " that a recognizance taken for a purpose not authorized by law is void." *Harrington* v. *Brown*, 7 Pick. 232. So too, " where the court had no authority to act." *Vose* v. *Deane*, 7 Mass. 280. *Billings* v. *Avery*, 7 Conn. 236. It must also appear that the court before whom the process is returnable had jurisdiction of the subject matter, or the recognizance will be void. *Bridge* v. *Ford*, 4 Mass. 641. *State Treasurer* v. *Danforth*, Brayt. 140. *Commonwealth* v. *Bolton*, 1 S. & R. 328. From the report of this case in 25 Vt. 168, it appears that the suit was dismissed in the county court, as that court had not jurisdiction of the subject matter of the suit, and that decision was affirmed in the supreme court. The entire proceeding was treated as being *coram non judice*, and that decision must be regarded as the law of this case. It is true that under our statute costs were taxable against the complainant on the dismissal of that suit; but they are to be enforced against the party himself, and not by a suit upon a recognizance, which was not taken in a proceeding, nor in a manner warranted by the statute. This view of the case renders it unnecessary to decide other questions which have been raised on this demurrer.

The judgment of the county court is affirmed.