PROBATE COURT *v.* EDITH DODGE ET AL.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 13, 1913.

*Pleading—Defects in Declaration—Want of Particularity—Cure by Verdict—Wills—Establishment—Appeal from Probate—Liability on Appeal Bond—Costs of Special Administration—Review—Presumptions—Facts Necessary to Judgment.*

In an action on an appeal bond, where defendant proceeded to trial without demurrer to the declaration, the lack of particularity in the assignments of breach was cured by the verdict, and so cannot be questioned by a motion in arrest of judgment.

Probate fees for the appointment of a special administrator, made necessary by an appeal from the establishment of a will, are "intervening damages" occasioned by the appeal, for which recovery may be had on an appeal bond conditioned for the payment of "all intervening damages and costs occasioned by said appeal."

Under P. S. 4785, 4789, permitting surety companies to sign bonds in probate proceedings, and providing that the premiums may be charged against the estate in the discretion of the court, the premium for the bond of a special administrator, appointed pending

an appeal from the establishment of a will, which has been allowed as a charge against the estate, is a damage occasioned by the appeal, for which recovery may be had upon the appeal bond, conditioned for the payment of "all intervening damages."

Where a special administrator was appointed upon an appeal from the establishment of a will, only such of the administrator's expenses as would not have been necessary but for the appeal may be recovered in an action on the appeal bond conditioned for the payment of "all intervening damages and costs."

In an action on an appeal bond given on appeal from the establishment of a will and conditioned for the payment of all intervening damages and costs, where the evidence as to the expenses of the special administrator was broad enough to cover services properly recoverable on the appeal bond, it will be presumed, in support of the judgment, that the trial court found that the charges were for services such as would authorize recovery therefor on the appeal bond.

DEBT on bond. Plea, the general issue. Trial by court at the March Term, 1912, Washington County, *Waterman,* J., presiding. After the court had found the facts, and before judgment thereon, defendant moved in arrest of judgment for that the declaration is insufficient to recover the damages recited in the specification thereunder. Motion denied, and judgment for the plaintiff, to all of which the defendant excepted. The opinion states the case.

*R. A. Hoar* and *J. W. Gordon* for the defendant.

*E. R. Davis* and *George W. Wing* for the plaintiff.

MUNSON, J. An instrument offered as the will of W. A. Boyce was allowed by the probate court, and an appeal from the allowance was taken by the defendant Dodge, and proceedings were had thereon which resulted in the final allowance of the will. This suit is brought on the bond given to procure the allowance of the appeal.

A special administrator was appointed to serve during the delay caused by the appeal; and upon the final allowance of the will he settled his account with the probate court, and was allowed therein $7.75 probate fees paid; $113.50 for his personal

services and expenses; $49.25 paid attorneys; and $80 paid to a guaranty company for his bond. No appeal was taken from the allowance. All these sums were included in the judgment below.

The condition of the defendants' bond was that the appellant should "prosecute said appeal to effect, and pay all intervening damages and costs occasioned by said appeal." The plaintiff's understanding of the law, as stated in the brief, is that the costs recoverable are the taxable costs, and that the intervening damages are expenses that the estate has had to pay solely by reason of the appeal, and which it would not have had to pay if the appeal had not been taken. It is not claimed that the allowance of the probate court is conclusive upon the defendants.

The defendants moved in arrest of judgment on the ground that the declaration was not sufficient to entitle the plaintiff to recover the damages set forth in the specification. The averment is that the estate was "put to great expense in services for said special administrator and for costs and expenses for said special administration occasioned by the said appeal." It is claimed in argument that there should have been a separate assignment of a breach in respect to each item of the specification. The statute provides that "the declaration on the bond shall definitely assign and set forth the breaches of the conditions on which the prosecutor relies." P. S. 3025. IV. It may be doubted whether this provision requires that the different classes of expense be recognized by separate assignments. There is in reality but one breach—the failure to pay the amount of the costs and damages on request. It has been held that when a breach involves many details and matters of account they may be embraced in one assignment. *Cornwallis* v. *Savery,* 2 Burr. 772; *Morris etc. Co.* v. *Van Vorst,* 23 N. J. L. 98. However this may be, the defendants proceeded to trial without demurring to the declaration and cannot sustain a motion in arrest for the want of specific assignments. Mere lack of particularity is ordinarily held to be cured by the verdict. *Fuller* v. *Fuller,* 4 Vt. 123; *Wetherby* v. *Foster,* 5 Vt. 136; *Hoskinson* v. *Central Vt. R. R. Co.,* 66 Vt. 618, 30 Atl. 24.

It was specifically stated on the trial that there was no objection to the allowance of the item for probate fees, if anything was recoverable under the declaration as framed. The

defendants would now make the allowance depend upon whether there was any evidence that the estate as a whole had suffered by the delay. If this ground of objection were open to the defendants it could not avail them. The probate fees for the special appointment made necessary by the appeal, were clearly an intervening damage occasioned by the appeal.

The defendants claim there is no warrant in law for allowing an administrator the expense of his bond in addition to the compensation allowed him by the statute. The statute not only authorizes a fidelity insurance company to act as surety upon the official bond of any person to any court; P. S. 4785; but provides that the money paid to such a company for acting as surety on an official bond given to the judge of probate "may be allowed, in his discretion, as a charge against the estate in which such bond is required." P. S. 4789. It is clear that the cost of a special administrator's bond, when so allowed, becomes a part of the intervening damage covered by the condition of the appellant's bond.

The defendants excepted to the rendition of the judgment on the facts found by the court. Under this exception, the two items covering the personal services and expenses of the special administrator, and the sums paid attorneys, may be considered together.

A special administrator is empowered to act in collecting and taking charge of the estate of the deceased; and is specially directed to collect the goods, chattels and credits of the deceased and preserve the same for the executor or administrator, and is allowed for that purpose to commence and maintain suits as an administrator; and he is to sell such perishable and other personal estate as the probate court orders sold; and it is further provided that he may apply for the appointment of commissioners to allow the claims against the estate, and that the probate court may appoint such commissioners, and order creditors to present their claims as in other cases, and that in such case the claims shall be barred if not presented according to the order of the court. P. S. 2777, 2778.

It thus appears that a special administrator is charged by statute, and may be charged by the probate court, with important duties which are a part of the settlement of the estate; the performance of which lessens proportionately the expense of the regular administration. The scope of his service affords obvious

grounds of distinction. The care of unproductive property while the appeal is pending might be an additional expense chargeable upon the appeal bond. But if the credits of the deceased were collected by the special administrator and turned over to the executor in a sum total, the expense of this service would obviously rest upon the estate. If such proceedings were had under a special administrator that the settlement of the estate was completed as far as the adjustment of claims was concerned, it would hardly be claimed that the expense of the administrator's services therein would be an intervening damage caused by the appeal. It is evident that the expenses of a special administration cannot be recovered on the appellant's bond without some ascertainment of the kind of service in which they were incurred. The special administration is made necessary by the appeal, but it by no means follows that all the expense incident thereto is a damage to the estate. The case of *Sargeant* v. *Sargeant,* 20 Vt. 297, was tried upon this theory. It was alleged that the expenses of the special administration had increased to a large amount the expenses of settling the estate. The referee found that the expenses of the special administration beyond what would have been incurred by a settlement of the estate under the letters testamentary amounted to a certain sum, and the plaintiff had judgment for that sum.

There is no finding of the nature of the service rendered by the special administrator for which the allowance was made, and there certainly was no direct evidence from which it could have been found. It appears that the estate amounted to some over $47,000, but there is nothing to show of what it consisted. The appointment of the special administrator was in force five months. He was allowed for fifty-five days' service at two dollars a day, but no items of his service were found in the probate files or otherwise produced. There was probably evidence from which it could have been found that the attorney bills were not for any service connected with the will litigation. The administrator testified on direct-examination that they were for consultation and advice in regard to matters pertaining to the estate and to his management of it as special administrator—for advice and assistance in the work of the special administrator; and that they did not include any services other than those which were rendered to him as special administrator. He said nothing on direct-examination regarding his own services. In

cross-examination he referred everything to his general duties as special administrator in matters pertaining to the estate. It is thought by a majority of the Court that inasmuch as the evidence was broad enough to cover services which were properly recoverable on the appeal bond, it should be presumed, in support of the judgment, that the trial court found that the charges included therein were for services of that class.

*Judgment affirmed.*

MUNSON, J., dissenting.

There being nothing in the evidence or findings which distinguishes, or even recognizes that there is a distinction, between the two kinds of service described in the opinion, I would reverse and remand, because of the inclusion in the judgment of the two items last considered.