IN RE ESTATE OF ASA RUSHFORD, HARLEY RUSHFORD, APPELLANT.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 11, 1941.

*Sylvester & Ready* for the appellant.

*Keith Brown* for the administrator.

*P. C. Warner* for claimant Ladue.

STURTEVANT, J.   This is an appeal to Franklin County Court from the decision and report of commissioners allowing certain claims against the estate of Asa Rushford, late of Enosburg, Vermont, in favor of one Henry J. Ladue and from the order of the Probate Court for the District of Franklin accepting and approving said report.   The appeal was taken by one Harley Rushford, an heir of said Asa Rushford, deceased, the administrator of said estate, F. R. Fullington, having declined and refused to do so.   After the time for dilatory pleas had expired the creditor, Henry J. Ladue, and the administrator each filed a motion to dismiss the appeal.   These motions were granted upon the ground that the county court was without jurisdiction in said matter because the bond filed by the appellant did not meet the requirements of P. L. 3012.   This statute provides that when, as in this case, an administrator declined to appeal from the decision of commissioners, a person interested in the estate as heir may appeal from such decision as the administrator might have

done and the same proceedings shall be had in the name of the administrator; "* * * but the person so appealing shall, before the appeal is allowed, give a bond to secure the estate from damages and costs and to secure the intervening damages and costs to the adverse party."

A bond was filed to secure the estate conditioned that the said Harley Rushford "* * * shall prosecute said appeal to effect, and pay all intervening damages and costs occasioned by said appeal, * * *."

The appellant brings the case here upon exceptions to the action of the court in dismissing his appeal and thereby presents two questions for our consideration, viz:

1. Does the bond filed conditioned as hereinbefore stated meet the requirements of P. L. 3012 as above set forth?

2. Did the court have authority to grant these motions, both having been filed after the time for dilatory pleadings had passed?

As to the first question, since the statute required the bond in question to secure the estate "from damages and costs" we should have in mind just what is included under the term damages. "The term 'damages' in its legal sense may be defined as meaning the compensation which the law will award for an injury done; * * *." 17 C. J. 710, para. A; I Sedgwick on Damages, 9th ed., page 24, Sec. 29; 15 Am. Jr. page 387, sec. 2; *Scott* v. *Donald,* 165 U. S. 58, 86, 17 Sup. Ct. 265, 41 L. Ed. 632; *United States Steel Products Co. et al.* v. *Adams,* 275 U. S. 388, 48 Sup. Ct. 162, 163, 72 L. Ed. 326.

From the foregoing authorities it is clear that should the appellant fail to prosecute his appeal to effect and the estate should thereby suffer an injury the statute in question requires a bond to protect the estate from financial loss resulting from such injury. That is, the purpose and effect of the statute is to provide a bond that will protect the estate against loss resulting from such appeal, something that will make the estate as well off as though no appeal had been taken. This was exactly the effect of the bond furnished by appellant. In *McGregor* v. *Balch et al.,* 17 Vt. 562, 568, this Court, in considering the question of damages, stated: "Intervening damages are such as will make the party as well off, as if no appeal had been taken."

The case of *Roberts* v. *Warner,* 17 Vt. 46, was *scire facias*

to recover upon a recognizance the condition of which was as follows: "* * * prosecute the review to effect, and answer and pay all intervening damages occasioned to the adverse party by delay, with additional costs in case judgment is affirmed." This Court, through Hebard, J., stated in the first sentence of its opinion in that case: "The judgment, from which the cause was reviewed, was affirmed, and the question is, what damage was occasioned to the plaintiff by the delay." It is to be noted that while the recognizance was to secure the plaintiff against "intervening damages" this Court stated the question presented as "what damage was occasioned to the plaintiff by the delay."

To the same effect are *Green* v. *Shurtliff et al.*, 19 Vt. 592, 596, 597; *Peasley* v. *Buckminster*, 1 Tyler (Vt.) 264, 267; *Sargeant et al.* v. *Sargeant et al.*, 20 Vt. 297, 301, 302; *State Treasurer* v. *Wells*, 27 Vt. 276, 279.

In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the Legislature. The whole and every part of the enactment must be given attention as well as other statutes *in pari materia*. *State* v. *Baldwin*, 109 Vt. 143, 148, 194 Atl. 372, and cases there cited.

P. L. 3010 relates to the same general subject-matter as P. L. 3012 and is as follows:

> "Before an appeal is allowed, the person appealing shall give a satisfactory bond to the court, conditioned that he will prosecute his appeal to effect and pay the intervening damages and costs occasioned by such appeal."

P. L. Chapter 136 has to do with this subject-matter, viz: probate bonds. P. L. 3059, a part of this chapter, directs how bonds taken to the probate court shall be prosecuted. Section IX of this statute is as follows:

> "The action shall thereafter proceed and be prosecuted in the name of the prosecutor, on the breaches assigned; and, if he prevails, he shall have judgment in his own name for his damages and costs; * * *."

That is, while P. L. 3010 provides for the giving of an appeal bond to the probate court conditioned to pay "interven-

ing damages'' and costs, sec. IX of P. L. 3059 provides that an action on this bond shall be prosecuted in the name of the prosecutor and if he succeeds in his action he shall have judgment for his ''damages'' and costs. That is, the prosecutor is to have exactly the same judgment that he would have been entitled to receive had the bond mentioned in P. L. 3010 been conditioned for the payment of ''damages'' instead of the payment of ''intervening damages.''

From the foregoing it appears that the bond in question given by appellant secured the estate to exactly the same extent and in exactly the same manner as would have been done had the same been conditioned to secure the estate from ''damages'' instead of to secure it from ''intervening damages.'' It was in effect a strict compliance with the statutory requirements in this respect.

However, the administrator and the claimant Ladue contend that regardless of what may be the decision as to the bond in question, the county court was without jurisdiction over such portion of the appeal as relates to the allowance of the sum of $10,719.94 on Ladue's claim, and as to this the appeal was properly dismissed. This contention is based upon the assertion that the report of the commissioners allowing this claim was returned to and accepted by the probate court June 3, 1940, and that the appeal was not taken within the time allowed by statute, namely, 20 days, from the return of such report.

The appellant contends that this question is out of time and therefore should not receive consideration. There is no merit in this contention. An objection to the jurisdiction of the court over the subject matter is never out of time. *State* v. *Barnett*, 110 Vt. 221, 228, 3 Atl. 2d. 521; *Fuller & Co.* v. *Morrison et al.*, 106 Vt. 22 at 24, 169 Atl. 9; *Smith* v. *Joseph White's Estate et al.*, 108 Vt. 473 at 480, 188 Atl. 901.

The record shows the following facts material to this question.

The decedent, Asa Rushford, during his lifetime, on the 30th day of October, 1926, entered into an agreement in writing with claimant Ladue and his wife, Louisa. By the terms of this contract said Rushford agreed to purchase a certain farm and personal property for the sum of $15,000. This purchase price was to be paid by turning over to the sellers one half of the checks

for milk and cream produced on said premises, all as provided in said agreement.

Asa Rushford having deceased, commissioners were duly appointed on his estate, and on January 4, 1940, they returned their report which was accepted by the probate court. This report showed an allowance of a claim in favor of claimant Ladue in the sum of $10,719.94. The basis of this claim was the aforementioned contract.

The administrator filed his account in the probate court March 27, 1940. Hearing on this was set for May 2, 1940.

On May 1, 1940, the appellant filed a petition with the probate court under the provisions of P. L. 2843 asking to have the commission reopened and the report recommitted for the purpose of correcting an error therein. This petition was granted and the court took action in accordance with the requests therein May 2, 1940. Hearing on this petition was had May 27, 1940, and on June 3, 1940, the commissioners returned their report as to this item, which report contained the following statement: ''We find that we made an error in the allowance of this claim by not qualifying it as follows:—This amount is allowed subject to the terms and conditions of a real estate contract entered into by the deceased and with H. J. Ladue, October 30, 1926, which is recorded in Volume 18, pages 638-639, Sheldon land records.''

On May 22, 1940, the claimant filed a petition with said probate court asking to have said commission reopened so that he might present to the commissioners his claim for damages resulting from an alleged breach of the aforementioned contract. The court granted this petition and the matter was set for hearing June 4, 1940. Whether this was the time for a hearing before the court on this petition, or whether this was the time for a hearing as to Ladue's claim by commissioners the record does not clearly disclose. However, on July 1, 1940, a hearing was had before the commissioners as to this claim and on July 8, 1940, the commissioners filed their report showing an additional allowance to claimant Ladue in the sum of $1,797.50.

The appellant filed his application for appeal with the probate court July 25, 1940, and the appeal was granted the following day and was entered and docketed in Franklin County Court, August 8, 1940.

In paragraph 9 of the bill of exceptions appears the following:

"Said Probate Court, upon the re-opening of said commission on the petition of said Henry Ladue, among other matters, made the following order:

"Whereas, heretofore, on the 22d day of May, A. D. 1940, Henry Ladue of Enosburg, in said District, filed a petition in writing in said Court, requesting said Court to order the report of the Commissioners returned to and accepted by said Court on the 4th day of January, A. D. 1940, recommitted for hearing, representing in said petition that by reason of accident and mistake he was prevented from presenting his claim to you as Commissioners upon the Estate of Asa Rushford, late of Sheldon, in said District.

"Therefore by the authority vested under the laws of this State, your said commission is hereby ordered recommitted * * * and the said petitioner Henry Ladue, that said claim may be exhibited to you for your consideration * * * and make report of your doings within five days after said hearing."

P. L. 2840 concerning the report of commissioners is as follows:

"At the expiration of the time limited, or as soon thereafter as they are able to complete the hearing of the claims presented, the commissioners shall make report of their doings to the court and deliver a copy thereof to the executor or administrator. Such report shall state the manner in which notice was given to the claimants and contain a list of the claims presented or exhibited in set-off and state how much was allowed and how much disallowed, with the final balance, whether in favor of the creditor or the estate."

P. L. 3006 fixes the time during which an appeal from the decision of commissioners on an estate may be taken, at twenty days from the time their report is returned to the probate court. P. L. 3007 provides that such appeals shall be entered and docketed in the county clerk's office on or before twenty-one days from the time they are taken.

From the foregoing it appears that the creditor Ladue makes claim that he is entitled to recover a large sum of money from the Asa Rushford estate. The aforementioned contract is the basis upon which he alleges this right of recovery. While his claim as presented at two different times was made up of two items, namely balance of purchase price and damages claimed for breach of the agreement, both in effect constitute a single right of recovery under the contract. If there was something his due under the terms of this he was bound to present his claim therefor within the time allowed. Otherwise he would be barred from recovery.

When the commissioners filed their report of June 3, 1940, as to the purchase price item, there remained pending before the court the further matter of damages for an alleged breach of this same contract. What would be the final amount found by the commissioners due from the estate to the claimant under the terms of the agreement could not then be determined. This report could not contain figures showing the final balance due as contemplated by the provisions of P. L. 2840 as above set out, because some of the facts and figures that must enter into the determination of this final balance were not yet determined. That is, this report of June 3, when filed, was interlocutory in its nature and for this reason no appeal could be taken from it. *Fillmore, Admr. v. Morgan, Admx.,* 93 Vt. 491, 492, 108 Atl. 840, and cases there cited on this question. It was not until the decision of the commissioners filed with and accepted by the Probate Court on July 8, 1940, that the amount due the claimant under the aforementioned contract was finally and fully determined. Therefore the time for taking an appeal from the findings of the commissioners concerning these matters must be computed from this date. Otherwise it would have been necessary for the appellant to take two appeals and have the trouble and expense of trying two cases to get a determination of what is in fact but one cause of action.

*Judgment dismissing the appeal reversed and cause remanded to the Franklin County Court.*