PHILIP D. STUBBS,
INHERITANCE TAX COMMISSIONER,
APPELLANT
FROM DECREE OF JUDGE OF PROBATE.

Somerset.    Opinion, November 22, 1944.

*Frank I. Cowan,* Attorney General,

*Nunzi F. Napolitano,* Ass't. Attorney General, for the appellant.

*Paul S. Woodworth,* for the appellee.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

HUDSON, J. This cause is reported by the Superior Court sitting as Supreme Court of Probate on an agreed statement of facts for determination of a question of law. Required is the construction of certain language in Sec. 3 of Chap. 148 of the Public Laws of 1933, as amended by Sec. 1 of Chap. 304 of the Public Laws of 1941.

According to the report, Addie C. Vickery, widow, late of Fairfield, County of Somerset, State of Maine, died June 20, 1943. She was the mother of two daughters, Helen and Hazel Vickery. Helen predeceased her mother and was survived by a son, Carleton V. Cook. By her will, Addie C. Vickery devised the bulk of her estate to her daughter Hazel, and her grandson Carleton, who was also named as executor of the will. The Inheritance Tax Commissioner ruled that Hazel, as a daughter, was entitled to an exemption of $10,000, while Carleton, child of the deceased daughter Helen, was entitled to an exemption of only $500, and accordingly assessed against him a tax of $87.23. A petition for abatement of this tax was filed and granted. From the abatement the Inheritance Tax Commissioner appealed to the Supreme Court of Probate in Somerset County, by whom, as stated, the case was reported to this Court.

As stated in the report, "The sole question in issue is whether Carleton V. Cook, grandson of the testatrix, is entitled to an exemption of $10,000.00 under Sec. 3, Chap. 148, P. L. 1933 as amended by Chap. 304, P. L. 1941, or an exemption of $500.00 as ruled by the Inheritance Tax Commissioner."

Sec. 3, Chap. 148, P. L. 1933, as amended by Sec. 1 of Chap. 304, P. L. 1941, reads as follows:

"Property which shall so pass to or for the use of the following persons who shall be designated as Class A, to wit: husband, wife, lineal ancestor, lineal descend-

ant, adopted child, adoptive parent, wife or widow of a son or husband or widower of a daughter of a decedent, shall be subject to a tax upon the value thereof, in excess of the exemption hereinafter provided, of 2% of such value in excess of said exemption as does not exceed $50,000, of 3% of such value as exceeds said $50,000 and does not exceed $100,000, of 4% of such value as exceeds $100,000 and does not exceed $250,000, and of 6% of such value as exceeds $250,000; the value exempt from taxation to or for the use of a husband, wife, father, mother, child, adopted child, or adoptive parent *or child or children of a deceased child, by representation,* shall in each case be $10,000, and the value exempt from taxation to or for the use of any other person falling within said Class A, shall in each case be $500."

By the amendment, the percentages in the amended statute were doubled and the above-underscored words were added to the former statute.

Before the amendment of 1941, the amount of the exemption for a child or children of a deceased child, whether they took by will or otherwise, was $500. The appellant contends that since the amendment, while such children who do not take by will are entitled to the exemption of $10,000, yet those who take by will are entitled to an exemption of only $500. He bases his argument on the use of the statutory words "by representation." Where there is a will, he says there is no taking by representation.

The Probate Court, however, sustained the contention of the appellee that the words "by representation," instead of referring to the manner of taking the property, related only to the amount and application of the exemption, to the end that children of a deceased child should enjoy collectively the exemption of $10,000.

The appellant construes the statute as though it read, "The value exempt from taxation to or for the use of a child or children of a deceased child, *if they take by representation, i.e., by intestacy,* shall in each case be $10,000." But we think that injects into the statute something not therein, namely, that the amount of the exemption, whether $500 or $10,000, shall depend on how the property is taken, by will or otherwise. In effect, all the statute says is that the value of the exemption to the child or children of a deceased child shall by representation be $10,000. The word "representation" herein insures that the limit of the exemption per stirpes is $10,000, however many children there may be of the deceased parent; instead of each receiving $10,000, that amount is shared alike by them. "To represent," as the word "representation" is here used, we think means to stand in the place of the deceased parent only insofar as the value of the exemption is concerned. If "representation" were not so interpreted, we see no reason why each child would not receive the full amount of the $10,000 exemption.

By Sec. 2 of said Chap. 148, all property received by beneficiaries in excess of the exemption, whether received "By will, by laws regulating intestate succession or by allowance of a judge of probate," etc., with certain named exceptions, is subject to the tax. Then in Sec. 1 of Chap. 304, P. L. 1941, the amending statute, (Sec. 2 of said Chap. 148, P. L. 1933, not having been amended), it is provided that "Property which shall *so pass* to or for the use of the following persons," which means all property passing, whether by will or otherwise, "shall be subject to a tax upon the value thereof, in excess of the exemption hereinafter provided . . . ."

Thus, in the first clause of the paragraph constituting said Sec. 1, the manner of the taking of the property is provided for, and it includes all property however taken, except that taken by certain institutions, the State, or subdivisions thereof. Then in the second clause of that paragraph in which the

words "by, representation" appear, only the value of the exemption is dealt with, and that has efficacy as to all the property coming to the child or children, whether by will, laws of descent, or otherwise.

To construe the statute in a way that would make a distinction between property descending testate and intestate would create disparities which, if not absurd, would in our opinion certainly transcend the intention of the legislature. We can conceive of no reason why it would have intended that the making or not making of a will should govern the value of the exemption. No reason whatever for such a distinction is even suggested in the appellant's brief. We cannot attribute to the legislature an intention (unfairly and unjustly, it would seem) to give a child of a deceased child who takes *by laws of descent* a twentyfold financial preference over another child of a deceased child *who takes by will*. That result, if ever, should be reached only by employment of clear and explicit language. There is none such in this statute that would justify such a construction.

Furthermore, if the construction of the Tax Commissioner were correct, then there would be a grave question as to whether that part of the statute would be constitutional, because of the imposition of inequality and non-uniformity as to taxation among members of the same class. While herein it is not necessary to pass upon the constitutionality of this statute as interpreted by the Tax Commissioner, yet in construing the statute, if it is susceptible of either of two interpretations, we should adopt the interpretation which would tend to sustain rather than to defeat it. *Hamilton et als., In Equity*, v. *Portland Pier Site District et als.*, 120 Me., 15, 24, 112 A., 836.

We are convinced that the Probate Court ruled rightly that the beneficiary, Mr. Cook, was entitled under this statute to an exemption of $10,000, and so the inheritance tax of $87.23 was properly abated.

148

Thus determining the issue presented to us, this cause, as provided in the report, is remanded for entry of a decree in accordance with this opinion.

*So ordered.*