VEDA W. LOVEJOY *v.* LEONARD W. MORRISON,
COMMISSIONER OF TAXES.

(78 A2d 679)

January Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed February 6, 1951.

*Clifton G. Parker,* Attorney General, and *Frederick G. Mehlman,* Deputy Attorney General, for the defendant.

*Osmer C. Fitts* for the plaintiff.

ADAMS, J. This is an action of contract to recover taxes assessed against the plaintiff by the Commissioner of Taxes and paid under protest.

The declaration alleges in substance that the plaintiff received from her deceased husband stocks, bonds and bank accounts in the amount of $14,831.72 for which she was liable to a tax under V. S. 47, § 1055; that she took a credit of an exemption of $10,000.00 against such principal amount and paid the commissioner a tax of 1% on the remainder, a total of $48.32; that she received other property by intestate distribution from the estate of her deceased husband and that the defendant claimed the plaintiff had exhausted the $10,000.00 exemption and the bracket of property available to be taxed to her at 1% under the provisions of V. S. 47, § 1054 by virtue of the property coming to her by intestate distribution and she was therefore liable to a tax upon the whole amount of $14,831.72, the full value of the property for which she was liable to a tax under V. S. 47, § 1055; that the defendant assessed such tax at $296.63, gave the plaintiff credit for the $48.32 which she had already paid and demanded the balance of $248.31 which she paid under protest and she brings this suit to recover that amount so wrongfully assessed.

The defendant demurred and set forth in substance the following causes: That the declaration avers that an exemption was allowed the plaintiff with respect to property received by her and taxable under the provisions of V. S. 47, § 1054 and that she alleges her cause of action arises by reason of the failure of the defendant to allow her an exemption with respect to property acquired by her and taxable under the provisions of V. S. 47, § 1055 and that as a matter of law she cannot maintain this action because no exemption is permitted, authorized or granted by the statute with respect to property taxable under V. S. 47, § 1055 in addition to and when an exemption is permitted and allowed for property taxable under V. S. 47, § 1054.

The demurrer was overruled and a judgment pro forma was rendered for the plaintiff. The case is here on exceptions of the defendant.

We, therefore, have the following question presented: Is a person mentioned in V. S. 47, § 1054 who receives property that is taxable under the provisions of that section and who also receives. property that is taxable under the provisions of V. S. 47, § 1055 entitled to a separate exemption of the first $10,000.00 in value of the property received and taxable under each section? In other words are there two exemptions when property is received and subject to tax under each section?

> Section 1054, so far as material here, reads as follows: "Except as otherwise provided, the husband, wife, * * * of a decedent * * * who receives from such decedent * * * a * * * distributive share consisting or arising from property or an interest therein owned by such decedent at his decease and passing by will, the laws of descent or a. decree of a court in this state, shall pay to the state a tax at the following rates:
>
> I. On the excess of its value over $10,000.00 and not exceeding $25,000.00 at one per cent;
>
> II. On the excess of its value over $25,000.00 and not exceeding $50,000.00 at two per cent;"

For convenience we will hereafter refer to the subject matter in this section as a tax on direct inheritances.

> Section 1055, so far as material here, reads as follows: "A person in a class liable to a tax under §§ 1053 and 1054 who acquires title to real estate * * * by deed, grant or gift, except in a case of a bona fide purchase for a full consideration in money or money's worth, made or intended to take effect in possession or enjoyment upon or after the death of the grantor or donor, and every such person who thus acquires title to personal estate or any interest therein from a deceased person, who at the time of his death was an inhabitant of this state and then owned such property, shall pay to the state the same tax that he would have been required to pay had such estate or interest passed to him from such deceased person by will, the laws of descent or decree of a court in this state. * * *"

For convenience we will hereafter refer to the subject matter in this section as a tax on transfers. It should be noted that § 1053 referred to in the above section imposes a tax of 5% on what is called collateral inheritances. That subject matter will be hereafter referred to in that manner. It specifically exempts from such tax, by enumerating them, those mentioned in § 1054 as liable to a tax on direct inheritances. It also exempts some others not material here.

The first legislation we had in regard to taxation of inheritances was No. 46 of the acts of 1896. § 1 thereof provided for a tax of 5% on collateral inheritances and on property passing to the same ones by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor. Estates not exceeding a net value of $2,000.00 were exempt from the tax. Provision was made for the time of payment of the tax and also for the determination of the value of the property by the judge of probate or by appraisers appointed by him. A reading of the entire act shows that it was very much lacking in regard to the mechanics of the same, especially in regard to the taxation of transfers.

The legislature by No. 40 of the acts of 1904 passed another and much more comprehensive law. By its terms it took the place of the act of 1896. § 1 of the 1904 act provided for a tax of 5% on collateral inheritances. § 2 provided for a tax of 5% on transfers to those liable for a tax under § 1 that took effect in possession or enjoyment upon or after the death of the grantor or donor. These sections became §§ 822 and 823 of chapter 38 of the Public Statutes and the entire act became a part of that chapter. V. S. 47, § 1053 is now substantially the same as P. S. § 822, except for some amendments not material here. Some of those amendments were by § 1 of No. 60 of the acts of 1912.

By § 2 of No. 60 of the acts of 1912, P. S. § 823 was amended. The principal change being that instead of providing for a tax of 5% it provided for "the same tax that he would have been required to pay had such estate or interest passed to him from such deceased person by will, the laws of descent or decree of a court in this state."

§ 1 of No. 52 of the acts of 1917 provided for a tax on direct inheritances. By the express provisions of that act it was to be construed as a part of Chapter 38 of the Public Statutes and unless inconsistent or repugnant all provisions of that chapter were to be construed as applying to the tax assessed on direct inheritances by § 1. This section has now become V. S. 47, § 1054 without change.

P. S. § 823 as amended by No. 60 of the acts of 1912 has now become V. S. 47, § 1055 without material change except to add thereto the proper wording to bring those liable for a tax on direct inheritances within the provisions of the section. This was done by G. L. 1917, § 1093.

The taxes provided for in sections 1053, 1054 and 1055, that is, taxes on collateral and direct inheritances and taxes on transfers are not taxes on the property, but upon the right of succession to the property merely. *In Re Hickok's Estate,* 78 Vt 259, 264, 62 A 724; *In Re Fulham's Estate,* 96 Vt 308, 313, 119 A 433; *In Re Clark's Estate,* 100 Vt 217, 225, 136 A 389; *State* v. *Parmelee,* 115 Vt 429, 433, 63 A2d 203.

In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature. The whole and every part of the enactment must be given attention as well as other statutes in pari materia. *In Re Estate of Rushford,* 111 Vt 494, 497, 18 A2d 175. Sections 1053, 1054 and 1055 all have to do with the same general subject matter, that is, the taxation of the right of succession to property of a deceased person. Indeed, the legislature when it originally enacted what is now § 1054 expressly said it should be construed in addition to and as forming a part of the chapter containing what are now sections 1053 and 1055. This Court said *In Re Fulham's Estate, supra,* 314, in discussing what is now section 1055, omitting citations: "But the real meaning and purpose of the lawgiver is the thing to be sought after, and if a fair and reasonable construction discloses it, it is to be given effect. Then, too, we must remember that the section under consideration is not the one that provides for taxing inheritances, direct or collateral, but the one intended to prevent the evasion of such taxes. The very purpose of its enactment was to make it impossible to escape such taxes by transfers merely colorable or fictitious. The policy of such statutes, now in force in many of the states, is that the owner of property shall not evade such tax, except by full and effective transfers made during his lifetime. Surely, such a statute should be carefully considered and liberally construed in favor of the taxing power, lest its purpose be easily circumvented by designing persons. For a construction that would facilitate evasion should be avoided." Again in the same case at pages 316-317, "It is a familiar and well settled rule of construction, that the true meaning of the Legislature is to be ascertained, not from the literal sense of

the words used, but from a consideration of the whole and every part of the statute, the subject matter, the effect and consequences, and the reason and spirit of the law." Citing cases. See also *First National Bank* v. *Commissioner of Taxes,* 111 Vt 281, 290, 16 A2d 184; *Holbrook Grocery Co.* v. *Commissioner of Taxes,* 115 Vt 275, 278, 57 A2d 118; *Brammall* v. *Larose,* 105 Vt 345, 349, 165 A 916.

■ Giving the effect to § 1055 claimed by the plaintiff and allowing a separate exemption under that section in addition to the one allowed under § 1054 when there is a tax liability under both sections would defeat the very purpose of § 1055. It would allow a person with direct heirs to transfer to each, property of the value of $10,000.00 to take effect in possession or enjoyment upon or after his death and still have each acquire property not exceeding in value $10,000.00, either by will or descent, and avoid the payment of any tax on such direct inheritance. There would then be no tax liability by reason of property acquired by any one person unless the total value of the property so acquired by such person exceeded $20,000.00.

■ It is a well established general rule that exemptions from taxation are to be strictly construed and that no claim of exemption can be sustained unless within the express letter or necessary scope of the exempting clause. *In Re Hickok's Estate, supra,* 262; *First National Bank* v. *Commissioner of Taxes, supra,* 290-291, and cases cited.

The plaintiff says that the taxes provided for in §§ 1054 and 1055 are separate and distinct and, therefore, there is a separate exemption as to the tax provided for by each section. The answer to that is that the tax is not upon the property but upon the succession to the property. In each case the property comes from the same deceased person and is received or acquired by the same heir or donee. He "shall pay * * * the same tax that he would have been required to pay had such estate or interest passed to him from such deceased person by will, the laws of descent or decree of a court in this state." There is but one deceased person from whom the property passes. There is but one person to whom it passes. If it had all passed by will, law of descent or decree there would have been but one exemption.

■■ The plaintiff, in her brief, has set up certain contrasts by columns showing differences in the inheritance and transfer taxes and says because of these there is a separate exemption as to each.

Most of the differences are in the administrative provisions pertaining to each and do not go to the essence of the liability for or assessment of the taxes. They have to do with the mechanics of the matters involved. Fundamentally the taxes are the same; certainly of the same type. They are based upon the succession of property from the same person, either as grantor, donor, testator or by the laws of descent. Both are a lien upon the property received and are a charge against the value thereof. While one is payable by the grantee or donee and the other by the administrator or executor, in the latter case that is for the convenience and protection of the administrator or executor. *In Re Clark's Estate, supra,* 222. Valuation of the property received and for which there is a tax liability under sections 1053, 1054 or 1055, in cases advisable, is fixed by appraisers appointed by the probate court; see § 1072; not by the court of chancery under § 1108. This latter section provides for establishing a lien upon property transferred and for which there is a tax liability under § 1055. It is true that different times are fixed for the payment of taxes upon inheritances and upon transfers, but if the legacy or distributive share is paid or delivered before the time so fixed the tax is to be paid at that time and if the grantee or donee in the case of transfers enters into possession of the property before the time so fixed the tax is to be paid at that time. Ultimately the tax is due and payable in each instance at the time the recipient of the property comes into possession but not later than a certain time.

It, therefore, follows and we hold that the Legislature did not intend to grant an exemption under § 1054 and another under § 1055 when a person of the class mentioned in § 1054 is taxable for property acquired in accordance with both sections. The tax here was legally assessed by the commissioner of taxes. No question is raised as to the amount of the assessment. The declaration did not state a cause of action. It was error to overrule the demurrer and enter judgment for the plaintiff.

*The pro forma judgment for the plaintiff and the order overruling the demurrer are reversed. The demurrer of the defendant is sustained and judgment is rendered for the defendant with costs.*