IN RE ESTATE OF PATRICK J. COOKE.

(91 A2d 683)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*Wayne C. Bosworth* and *Frederick A. Bosworth* for the appellant.

*Clifton G. Parker,* Attorney General, for the State.

ADAMS, J.   This is an appeal to this Court under V. S. 47, § 1065 from an assessment of inheritance taxes made by the Probate Court for the District of Addison upon the widow's portion of the intestate estate of Patrick J. Cooke.   The court included the homestead right of the widow, valued at $1,000. under V. S. 47, § 2610, in the gross share of the widow in the estate and assessed the direct inheritance tax accordingly.   The widow appealed.

V. S. 47, § 1054, which provides for the taxation of direct inheritances and which is a part of Chapter 49 having to do with inheritance, transfer and estate taxes, so far as material here, reads as follows:

> "Section 1054.   Except as otherwise provided, the husband, wife, * * * of a decedent, * * * who receives from such decedent * * * a * * * distributive share consisting of or arising from property or an interest therein owned by such decedent at his decease and passing by * * * the laws of descent or a decree of a court in this state shall pay to the state a tax at the following rates:"

Section 1052 of the same chapter, so far as material here reads as follows:

> "The word * * * when used in this chapter, shall extend to and include * * * and the words 'share' and 'distributive share,' all real and personal property or any interest therein passing under the laws of descent or the intestate laws of this state * * *. However, such construction shall not be required if the same would thereby be repugnant to the manifest intention of the general assembly."

V. S. 47, § 2614 which is a part of Chapter 124 having to do with estates of homestead provides:

> "If such person dies leaving a widow * * * his homestead to the value aforesaid shall pass to and vest in such widow * * * and such widow * * * shall take the same estate therein of which her husband dies seised. The probate court having jurisdiction of the estate of such deceased person, when necessary, shall appoint three commissioners to set out such homestead * * *."

■■. In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature. The whole and every part of the enactment must be given attention as well as other statutes *in pari materia*. The true meaning of the legislature is to be ascertained, not from a literal sense of the words used, but from a consideration of the whole and every part of the statute, the subject matter, the effect and consequences, and the reason and spirit of the law. *Lovejoy* v. *Morrison, Commissioner of Taxes,* 116 Vt 453, 457-458, 78 A2d 679, and cases cited. Among other aids that may be employed in determining the intention of the legislature are consideration of the history of the statute's enactment and the trend of previous legislation. *In Re Walker Estate,* 112 Vt 148, 151-152, 22 A2d 183, and cases cited.

The 1850 Homestead statute, C. S. 1850, Chapter 65, § 4 provided: "If any such housekeeper or head of a family shall decease, leaving a widow his homestead, of the value aforesaid, shall wholly pass to his widow and children, if any there be, in due course of descent." In the case of *Keyes* v. *Hill,* 30 Vt 759, this Court in discussing the intention of the legislature and disposing of the claim of

the plaintiff that the widow and children took the homestead in severalty, there being eight adult children, said at page 768: "We think the clear design of the law is to continue the *homestead entire,* as the home of the widow, or of the widow and children constituting the family at the decease of the husband, housekeeper or head of the family, and that no rights of the children became operative to sever or divest such homestead from full occupancy and enjoyment as a family home, so long as the widow or widow and children see fit to continue it as such family home. In other words, we think the homestead continues to stand in the same relation to the family of the deceased for the purpose of a home and support, upon and after his decease, as it did before and up to the time of his decease."

By No. 14 of the Acts of 1855, the foregoing section 4 was amended so that the homestead, "shall wholly pass and vest in his widow and such of his children, if any there be, who shall be under the age of twenty-one years at the time of his decease." The state claims something for the words, "in due course of descent," in the 1850 statute. The answer to this claim is that they were taken out by the amendment of 1855. It is further answered by the fact that when the statute as amended became section 5 of chapter 68 of G. S. 1862, it was provided that such children only had an interest in the homestead until they attain their majority.

No. 35 of the Acts of 1866 provided that § 5 of chapter 68 should be construed so as to give widows of all persons dying intestate and leaving no issue a homestead in addition to the amounts provided for in the first section of chapter 56 of the General Statutes. This chapter dealt with title to real estate by descent and § 1 provided that if not disposed of by will it should "descend in the following manner." It is thus apparent that it was the intent of the legislature that the homestead should not and did not pass by the laws of descent.

By No. 44 of the Acts of 1896 the former provisions of the law in regard to the widow's dower were changed. That act gave the widow as dower one-third in value of the real estate of which her husband died seised in his own right, instead of the life estate in such one-third which she had previously received. The legislature at that time recognized and treated the homestead as separate and distinct from such one-third for the act provided that the one-third could be barred in certain ways, as was provided before that, but when the right of homestead also existed, the one-third should be

diminished by the amount of the homestead. Thus the homestead came first and if that equaled or exceeded the one-third in value, there was no further share. This act also eliminated the right of the minor children in the homestead. By No. 46 of the Acts of 1929, now V. S. 47, § 3027 a change was made so that the widow became entitled to receive both the one-third as dower and the homestead in addition thereto instead of receiving only whichever was the larger of the two as before. *Blanchard* v. *Blanchard's Estate*, 109 Vt 454, 458, 199 A 233.

§ 3027 provides that the widow may be barred of her one-third in the real estate "as provided in this chapter." The only provision of the chapter for barring such interest is contained in § 3031 which provides in effect, that the widow may be barred by jointure, agreement, pecuniary provision or testamentary provision in lieu of such interest, or by the fact that the husband dies leaving no children or the representatives of children, provided she does not elect to take her one-third interest in lieu of such provisions, contractual, testamentary or statutory. *Blanchard* v. *Blanchard's Estate, supra* at page 459.

The wife's right in the homestead premises is inchoate during the husband's lifetime and ripens into an absolute right on his decease. When the inchoate right once attaches in favor of the wife the husband cannot convey it by his sole deed, nor estop her from it by oral declarations. The widow derives it through him, through his ownership and use or keeping. *Thorp* v. *Thorp*, 70 Vt 46, 50, 51, 39 A 245. By virtue of the statute, now V. S. 47, § 2614, upon the decease of the husband, the homestead vests in the widow and it becomes the duty of the probate court having jurisdiction of the estate, when necessary, to appoint commissioners to set the same out to her. It does not depend, however, on the contingency of being set out. It is consummate by the husband's death. *In Re Hatch's Estate*, 62 Vt 300, 302, 303, 18 A 814.

Provision is made in the statute, § 2629 for the sale of the homestead by order of the probate court under certain circumstances. It is significant, however, that it is provided in § 2630 that the court may control the investment of the proceeds of the sale in a new homestead or direct the payment thereof to a trustee or to the wife under such regulations and restrictions as in the judgment of the court will be for the best interest of all concerned. It is also significant that by No. 47 of the Acts of 1927, what is now section

2614 was amended by adding thereto a provision to the effect that when there are minor children and the widow was not living with the deceased husband at the time of death and had not resided at the homestead for two years immediately prior thereto through fault on her part or has left the homestead and her residence cannot be ascertained, the probate court by following certain procedure may grant a license to sell the homestead and assign the proceeds to such minor children for their use and benefit. This provision became what is now § 2615. This is the only statutory method of barring the homestead. *In Re Will of Prudenzano,* 116 Vt 55, 58, 68 A2d 704; *In Re Hatch's Estate, supra* at page 303, the latter case being decided before the above amendment.

In discussing the various statutes and the changes and amendments thereto, we have said nothing about or mentioned the changes made giving the surviving husband the same rights as the widow as they do not affect the question under consideration here. We have treated them as applying to the widow alone.

From the foregoing development of the law regarding the right in the homestead upon the decease of the husband, it is apparent that it has been the consistent policy and intent of the legislature to protect and preserve the homestead in its entirety or to its full statutory value for the benefit of the widow and if not for her then for the minor children and to treat it as a separate and distinct entity from other rights in the estate. It seems clear that it would be repugnant to the manifest intention of the legislature or general assembly to say that the homestead right, inchoate during the lifetime of the husband and ripening into an absolute right upon his decease is any real property or interest therein passing "under the laws of descent or the intestate laws of this state." We therefore hold that its value should not be included as a part of the distributive share of the widow and subject to an inheritance tax under § 1054.

The state also claims that if the homestead is not a part of the distributive share and taxable under that section, that it should be added to the distributive share by virtue of the provisions of § 1055 as it is property arising out of the marriage relationship and coming into possession or enjoyment upon the death of the husband. We do not agree. The latter section deals with transfers. It is intended to prevent the evasion of direct and collateral inheritance taxes. The very purpose of its enactment was to make it impossible to escape such taxes by transfers, colorable or fictitious. *In Re Ful-*

*ham's Estate,* 96 Vt 308, 314, 119 A 433; *Lovejoy* v. *Morrison, supra* at 457. It can hardly be said that the acquiring of a homestead by a husband, thereby giving his wife an inchoate right therein which ripens into an absolute right upon his decease, is a transfer colorable or fictitious and done for the purpose of evading inheritance taxes upon such homestead. Moreover, the statute contemplates a "deed, grant or gift * * * made or intended to take effect in possession or enjoyment upon or after the death of the grantor or donor." There is no grantor or donor here. Certainly the deceased husband was not one during his lifetime.

The state claims that the word "grant" includes a transfer by operation of law as well as a voluntary transfer. It relies upon the case of *White* v. *Rosenthal,* 140 Cal App 184, 35 P2d 154. It is not in point and does not sustain the state's position. A foreclosure sale was made and the question involved was whether or not the homestead passed. The court held that the word "grant" under the civil code included transfers of real estate by operation of law as well as voluntary transfers by the owners of property. But in this connection it said, "A transfer is an act of the parties or of the law by which the title to property is conveyed from one living person to another." Several other cases are cited by the state as showing that "grant" is usually regarded as synonymous with "give, confer, bestow, convey, transfer, admit, allow, concede." It is sufficient to say that they have all been examined and are not in point or helpful to the state here.

■ The acquiring of title to the homestead by the widow upon the decease of her husband does not come within the provisions of § 1055.

There was error in the order of the probate court in assessing an inheritance tax upon the homestead passing to the widow.

*Order of the Probate Court for the District of Addison assessing an inheritance tax upon the widow's homestead reversed and cause remanded for further proceedings not inconsistent with the views expressed in this opinion. To be certified.*