# Austin B. Noble v. John P. Fleming's Estate

[147 A2d 889]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*Frederick M. Reed*, Attorney General, and *Stephen B. Richardson*, Deputy Attorney General, for the plaintiff.

**Adams, J.** This is an appeal direct to this Court on exceptions by the Commissioner of Taxes from a decree of distribution of the Probate Court for the District of Rutland in the estate of John P. Fleming. The question involved is the failure of that court to include in its decree of distribution a collateral inheritance tax, as provided by V. S. 47, §1062, claimed by the Commissioner of Taxes, imposed and due the

state in accordance with the provisions of V. S. 47, §1053 as amended.

The facts are not in dispute. John P. Fleming died intestate leaving no widow and as his only heirs and next of kin a sister and niece, the latter being the daughter of a predeceased brother of the decedent. The estate was administered in the Probate Court for the District of Rutland, in which district the deceased was a resident. The account of the administratrix showed assets in cash for distribution of $2,507.91. By decree of distribution, the court decreed the sum of $1,253.95 to the sister and $1,253.95 to the niece. It did not include and incorporate in the decree, as the Commissioner of Taxes claimed it should have done, the imposition of an inheritance tax against the share of the niece, Mary Margaret Morin.

The only question presented is whether or not, by the provisions of V. S. 47, §1053 as amended, the child of a predeceased brother of a deceased person, i. e., a niece in the instant case, is liable to pay to the state a collateral inheritance tax based upon the value in money of her distributive share of the estate.

V. S. 47, §1062, which is a part of chapter 49, provides n part, "upon final settlement of the account of an administraior, executor or trustee, the probate court shall make the tmount of the taxes imposed by the provisions of this chapter apart of the final decree of distribution, * * * *."

a   V. S. 47, §1053 as amended by No. 28 of the Acts of 1949, by No. 259 of the Acts of 1955 and by No. 75, §1 of the Acts of 1957, so far as material here provides: "1053. Collateral Inheritances, Exceptions. Except as otherwise hereinafter provided, a person who receives in trust or otherwise a legacy or distributive share * * * * shall pay to the state a tax of twelve per cent of the value in money of such legacy or distributive share. Those receiving such legacy or distributive share who are exempt from the payment of such tax are as follows:

"I.   Father, mother, husband, wife, brother, sister, lineal descendant, stepchild, child legally adopted during his minority by a decedent during his life, child of a stepchild or of such

adopted child, wife or widow of a son, or husband of a daughter of a deceased person."

The change in the law by the amendment in §1 of No. 75 of the Acts of 1957 was to add by inserting in paragraph I of the exemption part of §1953 the words "brother, sister." By §2 of the same act the same words were added to and included with the specified persons to whom a direct inheritance tax applied, which is §1054.

■ ■ In the interpretation of statutes, the fundamental rule is to ascertain and give effect to the intention of the Legislature. The whole and every part of the enactment must be given attention as well as other statutes *in pari materia*. It is a fundamental and well settled rule of construction that the true meaning of the Legislature is to be ascertained, not from a literal sense of the words used, but from a consideration of the whole and every part of the statute, the subject matter, the effect and consequences and the reason and spirit of the law. *Gould* v. *Towslee*, 117 Vt 452, 459, 94 A2d 416, and cases cited.

In this connection it is well to note, before the addition of brother and sister to the persons entitled to an exemption of any collateral inheritance tax as specified in that section of the statute and then adding them at the same time to the section applying to the direct inheritance tax, thus making them liable for a direct inheritance tax, that by previous amendments to the same sections the rate of tax on both collateral and direct inheritances had been substantially increased and also the initial or first bracket exemption on direct inheritances had been increased. The tax on collateral inheritances is a flat rate tax with no graduated exemptions and is double the tax rate in the highest bracket in the direct inheritance section of the statute. For a history of the law in this jurisdiction pertaining to the taxation of inheritances prior to the revision of 1947 see *Lovejoy* v. *Morrison*, 116 Vt 453, 456-457, 78 A2d 679.

■ The taxes on collateral and direct inheritances and taxes on transfers are not taxes on the property, but upon the right of succession to the property merely, *Lovejoy* v.

*Morrison, supra,* 116 Vt at 457, 78 A2d at 681, and cases cited. To express it in other words, it is a tax upon the right to receive property and not a tax upon the property itself, or as was said in the case of *In re Hickok's Estate,* 78 Vt 259, 264, 62 A 724, 726, "It is now universally conceded that taxes of this character are not taxes upon property, but taxes upon the transmission of property."

■ We are here dealing with a statute providing for exemption from taxation. Such statutes are to be strictly construed and no claim for exemption can be sustained unless within the express letter or necessary scope of the exemption clause. *First National Bank* v. *Harvey,* 111 Vt 281, 290-291, 16 A2d 184, and cases cited; *Lovejoy* v. *Morrison, supra,* 116 Vt at 458, 78 A2d at 682.

■ With these rules of construction in mind, it is plain and we hold that only those persons that are specifically and expressly designated in §1053 are exempt from the imposition of a collateral inheritance tax. This exemption does not include a child or children of a predeceased brother or sister of the decedent. The provisions of V. S. 47, §3042, paragraph IV pertaining to the descent of property to the legal representative of deceased brothers and sisters have no application to the instant case. That section is a part of Title 13, Chapter 145 pertaining solely to how property shall descend in case of intestacy. It cannot by implication be grafted onto §1053 which is a part of Title 8, Chapter 49 that deals only with the subject of inheritance, transfer and estate taxes.

The following cases support by analogy the foregoing conclusion and holding and are persuasive. In the case of *In re Hickok's Estate, supra,* 78 Vt 259, 62 A 724, 725, bequests to charitable, educational and religious institutions outside the state were held subject to an inheritance tax because they did not come within the express letter and scope of the clause which exempted property passing "to or for charitable, education or religious societies or institutions, the property of which is exempt by law from taxation." This Court at page 262 said, * * * * "that in the absence of any language indicative of a different intent, the Legislature must be deemed to have made the exception for the benefit of its own institutions."

In the case of *In re Downer's Estate,* 101 Vt 167, 142 A 78, 80, property was bequeathed to the town of Sharon, "in doing things of a public nature which the town would not naturally do nor could afford to do at its own expense." An exemption from a collateral inheritance tax on the grounds among others that it was a bequest to a public charity was claimed. This Court rejected the claim, saying at page 176, "Clearly there is nothing in the language of the statute itself to indicate an intent to exempt from its operation legacies like this one. On the other hand, it, in effect, provides, in clear and unmistakable terms, that every legatee or distributee other than those specifically named therein shall be subject to such tax."

In the case of *In re Estate of Taft,* 110 Vt 266, 4 A2d 634, 120 ALR 1382, property was devised to the City of Burlington for school purposes and the holding was that the legacy was subject to a collateral inheritance tax on the ground that the only specific exemption then set forth in the statute applicable to a city or town was for "cemetery purposes" and if it was for any other purpose the legacy was taxable.

From other jurisdictions, the case of *In re Estate of John Keenan,* 302 NY 417, 99 NE2d 219, 25 ALR2d 1459 is very much in point. There a legacy of $5,000 was to a brother who predeceased the decedent. There were three children of the brother living to whom the legacy passed under §29 of the Decedent Estate Law. The statute specifically provided for a $5,000. exemption from a collateral inheritance tax for a brother or sister of the decedent. The children of the predeceased brother claimed this exemption. The court denied the claim on the ground that the issue of a deceased brother were not included and mentioned in the statute.

At the time of oral argument, we were informed that the probate court, in holding that the share of the niece, the daughter of a predeceased brother of the decedent, was exempt from a collateral inheritance tax, relied upon the case of *In re Stubbs,* 141 Me 143, 39 A2d 853, 156 ALR 400. There the testatrix devised her estate to one of her daughters and to her grandson, the child of another daughter, who had predeceased the testatrix. It was held that the grandson was entitled to the same exemption as the living daughter. The case is distinguishable and is not in point. There the inheritance tax statute specifi-

cally included "child or children of a deceased child, by representation."

It was error for the probate court not to include in its decree of distribution a collateral inheritance tax upon the distributive share of the niece of the decedent.

*Decree reversed and cause remanded to the Probate Court for the District of Rutland with directions to enter a new decree including therein a collateral inheritance tax on the share of Mary Margaret Morin in the estate of John P. Fleming. To be certified to that probate court.*