William J. Regan, S.
Carrie Baia died on December 28,1961 leaving a last will and testament bearing date the 19th day of April, 1958. Paragraph Second of said will, which has been duly probated in this court, provides as follows: 1 ‘ second : I hereby grant to my daughter-in-law, Lucy Baia, the privilege to remain a tenant in the upper flat of my home at #406 West Ferry Street, Buffalo, New York, during her lifetime, or until such time as she remarries, at the rental of Forty-six ($46.00) Dollars per month. In the event that she does not live in the premises for a period of one month, it shall be presumed that she has elected to vacate said premises, and her tenancy as above stated, shall be terminated.”
In this judicial settlement proceeding various objections to the account of the executrix were filed by Lucy Baia and have been duly heard by the undersigned. Certain of the objections have been resolved by stipulation between the parties and their respective attorneys. The issues to be decided by the undersigned are as follows: (1) Should the real property situated at 406 West Ferry Street, Buffalo, New York, be sold by the executrix? (2) What basis shall be employed to determine the interest of Lucy Baia?
As concerns the first of these issues, it has been established to the satisfaction of this court that the personal assets in the estate do not suffice to pay the debts and administration expenses of this estate. It has further been established by the parties hereto that the real property referred to as 47 Efner Street in the City of Buffalo is unsalable. The question, therefore, becomes academic. The circumstances and condition of the estate mandate the sale of the West Ferry Street property. Accordingly, the contract executed by the executrix to sell the Ferry Street premises for $11,000 is hereby approved.
As concerns the interest of the life tenant, Lucy Baia, competent real estate appraisers have testified that the fair and reasonable rental value of the West Ferry Street apartment is $60 per month, with a possible maximum rental of $65 per month. In this regard the court will fix the fair and reasonable rental value of the flat in question at $62.50 per month.
*934 Using this as a basis in arriving at a proper valuation of Lucy Baia’s interest, consideration is given to section 405 of the Real Property Actions and Proceedings Law which provides as follows: “ § 405. Interest defeasible by remarriage. Whenever an interest is defeasible on the remarriage of a person whose life is involved, this fact of defeasibility may be taken into account in the valuation of any such interest or of any interest subject thereto, if justice requires. For this purpose, the Casualty Actuarial Society’s Table on Remarriage or other tables accepted by actuarial practice shall be employed.”
Objectant contends that this section does not mandate the use of remarriage tables in the evaluation of a life estate and contends further that justice would best be served by making reference solely to the American Experience Tables of Mortality. Objectant further argues that the age of entry should be the age as of the date of death of the decedent. Petitioner, on the other hand, contends that the age of entry should be the present age of 48 years. In view of the fact that Lucy Baia was a widow at the time of the death of the decedent herein, as well as at the time that the will was executed, and has had the benefit of the $46 per month rental from January of 1962 to date, it is the opinion of this court that the age of entry should be 48 years. As pointed out by the petitioner, it is the future interest of Lucy Baia which is now at issue, and with which this court is concerned.
As to whether the American Experience Table of Mortality should be applicable here, or the Casualty Actuarial Society’s Tables of Remarriage, it is to be noted that the remarriage tables have been followed in similar instances. True, section 405 of the Real Property Actions and Proceedings Law contains the words, “ if justice requires.” To analyze the section in this regard, and to consider the statements made by the objectant concerning the possible conflict of interest of the executrix, she being the sole residuary legatee in this estate, it is to be noted from a reading of the will in its entirety that Lucy Baia was not the primary concern of the testatrix. Rather, it was Mary G-aglione, the daughter of the deceased, who was to be primarily benefited by the terms of this will. This is made obvious by the limitation on the life estate of Lucy Baia, not only in that it would terminate by her remarriage, but by the further provision that it would terminate in the event that she did not occupy the premises for a period of one month. This is pointed out not for the purpose of cutting down the interest of Lucy Baia, but rather for the purpose of conforming to the intention of the testatrix.
*935 The life interest of Lucy Baia is susceptible of valuation by reference to recognized remarriage tables. This court is satisfied that such tables should apply. (Matter of Keenan, 302 N. Y. 417.)
It is accordingly the further decision of this court that the American Remarriage Table be used to determine the interest to which Lucy Baia is entitled. A computation in accord with this decision, using 48 years as the age of entry, establishes the interest of Lucy Baia to be $2,283.79.