**Diane H. Budde, Guardian of Karen and Erika Budde v. Claire Pierce, Administratrix of the Estate of Erich G. Budde, et al.**

[375 A.2d 984]

No. 273-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed April 5, 1977

*David L. Cleary* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*James G. Wheeler, Jr.*, of *Downs, Rachlin & Martin*, St. Johnsbury, for Defendant Brigitte Budde.

**Hill, J.** Diane H. Budde, appellant in this case, and Erich G. Budde, deceased, were granted a divorce in Caledonia Superior Court by judgment order dated January 2, 1973. At the time of the divorce, the parties owned some 281 acres of land situated in the Town of Waterford, Vermont. Pursuant to the terms of a prior stipulation agreed to by the parties, paragraph 4 of the judgment order provided:

> 4. The real estate owned by the Defendant is hereby decreed to him. However, it is ordered that he shall make a will immediately leaving said real estate to the minor children of the parties, namely Karen and Erika, their heirs and assigns forever. Furthermore, the Defendant is ordered not to convey said real estate or any part or interest therein without a further finding by the court that such sale or conveyance is reasonably necessary for the welfare of the Defendant and will not unreasonably detract from the welfare of the minor children.

The order was subsequently entered in the Waterford Land Records in February of 1976, contemporaneously with the institution of the present suit.

Sometime in May, 1973, the decedent married Brigitte R. Wachter, one of the named defendants in the current action. Erich and Brigitte Budde resided together as man and wife until decedent's death on March 1, 1975. At the time of his death, decedent had not complied with the provisions of the divorce decree, having made no testamentary disposition whatever of the subject real estate. As a direct consequence of the decedent's failure to execute a will in accordance with the court's order, two competing claims have arisen as to the subject real estate. Decedent's widow, Brigitte Budde, asserts that the property is an asset of the decedent's estate and that she, as surviving spouse, is entitled to share in its distribution. On the other hand, the appellant alleges that by virtue of the divorce decree the decedent had merely a life estate in the 281 acres and that the same cannot be included in the probate estate.

On February 25, 1976, the appellant, duly appointed guardian of the minor children, filed suit for a declaratory judgment in Caledonia Superior Court. In her complaint, the appellant asked the court to enjoin the administratrix of the decedent's estate, one Claire Pierce, from selling, mortgaging or otherwise alienating the 281 acres pursuant to a license to do so obtained from Caledonia Probate Court. The appellant also requested that the court determine the rights of the various parties in the disputed real estate.

A preliminary injunction was issued by the court. On April 28, 1976, the appellant filed a motion for summary judgment. Following a hearing, the parties entered into a stipulation that the court would determine the motion for summary judgment on the basis of memoranda of law filed and the pleadings without the introduction of further evidence or affidavits. Accordingly, the parties submitted memoranda of law for the court's consideration.

On September 20, 1976, the court granted summary judgment for the defendant Brigitte Budde, ruling that she was entitled to share in the distribution of the decedent's real estate as provided by statute. The appellant has taken the instant appeal from this determination of the Caledonia Superior Court.

This appeal poses two inquiries, the answers to which provide the standard by which we are to gauge the propriety of the order entered below: (1) What rights, if any, were created by virtue of the above-quoted provisions of paragraph 4 of the 1973 divorce decree; and (2) Do any such rights as may have been established supersede the rights of Brigitte Budde, as surviving spouse of the decedent, in the subject real estate? Our resolution of these questions, founded upon our review of the facts, the relevant statutes and case law, leads us to conclude that the judgment order entered below is in accord with established law and is to be affirmed.

I.

■ In fashioning an argument concerning the nature of the rights created in the various parties as a result of the court's order, the appellant seeks to make much of the term "seised" as it is employed in 14 V.S.A. § 461 and 27 V.S.A. § 105. The appellant contends that the divorce decree effectively deprived the decedent of seisin in the property and that as a result he did not

die "seised" of the property so that appellee's statutory rights could attach thereto. We cannot discern how, under the facts of the present case, the concept of seisin can play any dispositive role in the dispute. The divorce order expressly decreed the real estate to the decedent, providing only that he devise it to the minor children of the marriage. At all times subsequent to the divorce, the decedent was the record owner in actual possession of the real estate. The decree itself provides that the decedent, under certain circumstances, could make inter vivos conveyances of the property. Certainly, the court's judgment order is unambiguous; the 281 acres of real estate were to be included in the decedent's estate and subject to probate upon his death. The two minor children were to acquire whatever interests and obligations they were to have with respect to said real estate as beneficiaries under the contemplated will. If deceased had in fact made a will in accordance with the court's decree, we would be at the same starting point; namely, the question of whether the decree is enforceable to the exclusion of the widow's statutory rights.

## II.

It is a well established rule of law in Vermont that the statutory rights of a surviving spouse are predicated upon sound policy considerations and are to be afforded great weight and deference. *In re O'Rourke's Estate*, 106 Vt. 327, 175 A. 24 (1934).

Review of the historical development of the rights of homestead and dower, presently set out in 27 V.S.A. § 105 and 14 V.S.A. § 461 respectively, clearly reveals a consistent intent on behalf of the Legislature to preserve those rights in their entirety for the preservation of the surviving spouse. *In re Estate of Cooke*, 117 Vt. 336, 341, 91 A.2d 683 (1952); *In re O'Rourke's Estate*, *supra* at 333. These rights are of such paramount importance that they are regarded as restraints upon the exercise of another fundamental right - that of testamentary disposition. It is beyond dispute that any effort to will away such rights must of necessity fail. *In re Hatch's Estate*, 62 Vt. 300, 302, 18 A. 814 (1890); *In re Peck's Estate*, 87 Vt. 194, 212, 88 A. 568 (1913). The exclusive means by which the interests retained by the surviving spouse may be barred are explicitly set out in our statutes. 14 V.S.A. § 465 (statutory dower); 27 V.S.A. § 106 (homestead). In this case, however, it is conceded that no claim has been or could be

asserted to successfully bar Brigitte Budde's statutory rights under either of these sections. Instead, the appellant argues that the divorce decree is essentially a contract to make a will and as such should be specifically enforced according to its terms. Assuming that the divorce order is a binding and valid contract to devise real estate, we fail to see how its specific enforcement would in any plausible fashion alter the outcome of the dispute. Undoubtedly, had the lower court regarded the decree as complied with, under our statutory framework the decedent's widow would still be entitled to assert her statutory claims to a portion of his estate.

*The judgment order of the Caledonia Superior Court is affirmed.*