2005 VT 61

### In re ESTATE OF Sara MAINOLFI

[878 A.2d 287]

No. 04-241

¶ 1. June 1, 2005. The estate of Sara Mainolfi appeals an order by the Rutland Superior Court affirming a probate court decision awarding a $75,000 homestead interest in her former home to the estate of her husband, Frank Mainolfi. The trial court determined that Frank Mainolfi's quitclaim deed conveying "all right and title" in the marital home did not convey his homestead interest to his wife because the interest had not yet vested at the time of the deed, and that his estate was therefore entitled to the $75,000 homestead interest after her death. We affirm. Title 27 V.S.A. § 105 vests a surviving spouse with the same interest in the homestead with which the decedent spouse was vested at death, and neither spouse can transfer or waive the homestead interest before it vests.

¶ 2. Sara and Frank Mainolfi married and purchased a home in Rutland, Vermont. They lived in the home together until Sara died on December 5, 2001. Frank continued to live in the home until he passed away three weeks later, intestate, on December 26. Neither Sara nor Frank had any children. Three written instruments form the background to the dispute between their estates.

¶ 3. First, a quitclaim deed, executed by both Sara and Frank in 1993, purported to "remise, release, and forever quitclaim[] . . . all right and title" in their home to their nephews, Albert Clarino and Thomas Olsen, and reserved a life estate for the Mainolfis. Second, another quitclaim deed, executed by the nephews and Frank Mainolfi in 1995, quitclaimed all right and title in the same home to Sara, reserving a life estate for Frank. Finally, Sara's will, executed the same day as the second quitclaim deed, devised her estate (minus debts, administrative expenses, and a bequest) to the nephews as tenants in common.[1]

¶ 4. The superior court determined that Frank Mainolfi's estate was entitled to a $75,000 interest in the proceeds from the sale of the home, pursuant to 27 V.S.A. § 101 and § 105. The superior court concluded that, because the homestead interest is inchoate while both spouses are still living and ripens into an absolute right only upon the death of one spouse, Frank Mainolfi's 1995 conveyance to his wife by quitclaim deed of "all right and title" in the marital home did not convey the homestead interest. Sara Mainolfi's estate appeals, challenging, first, the "interpretation of the legal effect of a conveyance by a husband to his wife of all his right and title in their marital residence." Second, appellant challenges the trial court's "assumptions of fact where they neglected to conduct an evidentiary hearing to support their decision" regarding the will- and deed-makers' intent. We consider each argument in turn.

---

[1] The will stipulated that, if Frank survived Sara by more than thirty days, the estate would be held in trust for him by Thomas Olsen; otherwise the estate would go to Olsen and Clarino as tenants in common. Because Frank survived Sara by only twenty-one days, the latter clause was given effect.

¶ 5. Appellant's first argument — that the second quitclaim deed conveyed Frank's homestead interest to his wife — is unavailing under the plain language of 27 V.S.A. § 105. The superior court's interpretation of the legal effect of the deeds is a conclusion of law; our review is nondeferential and plenary. *Vt. Alliance of Nonprofit Orgs. v. City of Burlington,* 2004 VT 57, ¶ 5, 177 Vt. 47, 857 A.2d 305.

¶ 6. Title 27 defines a surviving spouse's homestead interest. 27 V.S.A. §§ 105, 106. At a spouse's death, "his or her homestead to [a value of $75,000] shall pass to and vest in the surviving spouse . . . and the surviving spouse shall take the same estate therein of which [the decedent died] seised." *Id.* § 105. The homestead interest vests in the surviving spouse simply by virtue of the decedent spouse's death. *In re Estate of Cooke,* 117 Vt. 336, 340, 91 A.2d 683, 685 (1952). Before a spouse's death, however, neither spouse can convey or waive the inchoate interest in the homestead. *Mann v. Mann's Estate,* 53 Vt. 48, 54 (1880) (applying 1862 G.S. tit. 22, ch. 68, § 5, an earlier but substantially identical version of the statute, noting that "[t]here was nothing in existence [while both spouses were still alive] for the contract to operate upon as a release or discharge" and therefore granting the homestead interest to the surviving spouse).[2]

¶ 7. When Frank Mainolfi executed the second quitclaim deed, his homestead interest had not yet vested, and thus he had nothing to transfer. The homestead interest is a statutory right, created by operation of law only at the death of a spouse. 27 V.S.A. § 105. The statute does not contemplate transfer or waiver of this interest before it vests. Therefore, Frank Mainolfi did not convey, by the second quitclaim deed, his homestead interest to Sara.

¶ 8. The second quitclaim deed served only to transfer to Sara the fee interest in the home that she had previously conveyed to the nephews by the first quitclaim deed, together with any interest held by Frank at that time. Thereafter, the couple lived together in the home until Sara's death. At Sara's death, under § 105 a homestead interest vested in her surviving spouse, Frank. 27 V.S.A. § 105; see also *In re Estate of Cooke,* 117 Vt. at 340, 91 A.2d at 685. Of course, at any time after Sara's death, Mr. Mainolfi could have chosen to convey the now-vested $75,000 homestead interest. Because he did not do so, that interest passed to his estate when he died.

¶ 9. Appellant's second contention — that the trial court erred in not holding an evidentiary hearing as to the will- and deed-makers' intent — is raised for the first time on appeal. Appellant's counsel did not object to the lack of a hearing at trial, nor did counsel raise the issue in its docketing statement with this Court. Because it was not raised below, this Court will not consider the issue. *Fletcher Hill, Inc. v. Crosbie,* 2005 VT 1,

---

[2] 1862 G.S. tit. 22, ch. 68, § 5 provided that if a spouse died leaving a widow, "his homestead to the value aforesaid [$500] shall pass to and vest in [his widow] . . . and such widow . . . shall take the same estate therein of which the decedent died seized . . . ." Aside from the substitution of gender-neutral language, 27 V.S.A. § 105 is substantially unchanged since 1880: it provides that "his or her homestead to the value aforesaid [$75,000] shall pass to and vest in the surviving spouse . . . and the surviving spouse shall take the same estate therein of which [the decedent died] seised."

¶ 20, 178 Vt. 77, 872 A.2d 292. We therefore affirm.

*Affirmed.*